SORTILE HOLDEN, et al. *against* JAMES P. BULL, Treasurer of Bradford county.

A judgment entered upon a bond, in the penalty of one hundred dollars, with a warrant to confess a judgment, having a condition thereunder written, that the obligor will pay a fine and bill of costs, then uncertain as to amount, is valid.

If an execution issues upon such a judgment, for the penalty, before the real amount due is ascertained, it will be set aside on a writ of error.

ERROR to the Common Pleas of Bradford county.

*Sortile Holden*, together with *Gustavus A. Holden*, as his security, executed a judgment bond to " the treasurer of Bradford county, for the time being," in the penalty of one hundred dollars, with the following condition thereunder written.

"That the said *Sortile Holden*, one of the subscribers, shall well and truly pay, or cause to be paid, a certain fine and bill of costs, agreeably to the sentence of the court of Quarter Sessions, passed upon the said *Sortile Holden*, in consequence of a suit in behalf of the commonwealth against the said *Sortile Holden*, upon which said *Holden* was in prison, and this instrument is taken to cover fine, and all costs which accrued in consequence of said suit. Witness, *&c.*"

The fine and costs not having been paid, the judgment bond was filed, and a *fieri facias* issued thereon: when this writ of error was sued out by the defendants, who assigned the following errors.

1st.   The judgment is entered on a bond or promise, conditioned for the performance of matters contingent, doubtful and uncertain, and which require pleadings and trial.

2d.   The face of the instrument shows the execution issued for a sum of money, which was not judicially decreed to the plaintiff.

*Ingham*, for defendant in error, whom alone the court heard on the second error assigned, contended that a writ of error was not the proper remedy of the party in a case like this.   There was no intention to collect more than the fine and bill of costs off the defendants, and if there was any injury likely to result to them, their proper remedy was to apply to the court below to protect them: or even a judge at his chamber may grant relief.   *Lewis* v. *Smith*, 2 *Serg. & Rawle*, 142.

Judgment affirmed, and execution set aside.