| 38 | 237 |
|----|-----|
| 83 | 746 |
| 38 | 237 |
| 95 | 713 |
| 38 | 237 |
| 124 | 586 |
| 38 | 237 |
| 129 | 460 |
| 129 | 461 |

</div>

### CRAFTS v. CLARK.

1. **Evidence**: EXPERTS: PRACTICE IN OTHER STATES. The practice and usages of courts in another State may be proved by the evidence of persons familiar therewith. Following *Greasons v. Davis*, 9 Iowa, 219.

2. **Foreign Judgment**: JUDGMENT NOTE: JURISDICTION. Under the statutes of Pennsylvania, a note containing a power of attorney to confess judgment confers jurisdiction upon the court, and the judgment may be entered by the prothonotary.

3. ———: ———: ———. Upon proof that it is the usage in another State to enter such a judgment before the note matures, and that it thereupon becomes a valid judgment of the court in which it is entered, it will be enforced in this State.

4. ———: INTEREST: RATE OF. In the absence of proof as to the rate of interest in another State, the interest upon a judgment of that State sought to be enforced here will be governed by the law of this.

*Appeal from Henry Circuit Court.*

THURSDAY, APRIL 23.

ACTION upon a judgment of the Court of Common Pleas of Greene county, Pennsylvania, in favor of John Hufty, against the defendant, Levi Clark. Jury trial. Verdict and judgment for plaintiff. Defendant appeals.

The material facts are stated in the opinion. This cause was before us on a former appeal. See 31 Iowa, 77.

*L. G. Parmer* and *T. A. Bereman*, for appellant.

*P. N. Bowman*, for appellee.

DAY, J.—The judgment sued on is as follows:

"STATE OF PENNSYLVANIA, ⎫
　　　　Greene County. ⎬

## "*Appearance Docket Entry.*

At a Court of Common Pleas held at Waynesburg, in and for the county of Greene, before the Honorable Samuel A. Gilmore, Esq., President and his Associate Judges of the same court, the following, among other proceedings was had, to-wit:

" No. 106.

JOHN HUFTY, ⎫
　　v. 　　　 ⎬ *Debt sans breve.*
LEVI CLARK. ⎭

Levi Clark, $508.33.　Interest from April 1st, 1855.

" And now, to-wit: April 9th, 1850, the plaintiff files the writing of defendant, dated April 8th, 1850, wherein the defendant promised to pay plaintiff the sum of five hundred and eight dollars thirty-three cents, and authorizes any attorney of Greene county, or any other court of record of the State of Pennsylvania, to enter judgment for the above sum and costs, with release of errors, and without stay of execution. Judgment entered according to act of assembly by H. L. Pinnock, Prothonotary.

## *Copy of Note.*

$508.33.　On the first day of April, one thousand eight hundred and fifty-five, I promise to pay to John Hufty or order, the sum of five hundred and eight dollars and thirty-three cents for value received; and I do further empower any attorney of any of the courts of the county of Greene, or any other court of record in the State of Pennsylvania, to enter judgment for the above sum and costs, with release of errors and without stay of execution. Witness my hand and seal this 8th day of April, 1850.

N. B.　The above sum to be paid in current bank notes, such as will pass in the State of Pennsylvania.

LEVI CLARK, [*Seal.*]

*Attest*, ISRAEL CRAFTS.

*Endorsement on back fo note.*

May Term, 1850. John Hufty v. Levi Clark. Judgment. Filed and entered April 9, 1850. H. L. Pennock, Pro.   *   *

*Judgment Docket Entry.*

| John Hufty<br>v.<br>Levi Clark. | When entered.<br>April 9, 1850. | Debt.<br>$508.33. | Costs.<br>$1.75. | Int. from<br>April 5, 1855. | Term.<br>May, 1850. | No.<br>106. |
|---|---|---|---|---|---|---|

This judgment was duly certified by J. T. Temple, Prothonotary of Greene county, and by Samuel A. Gilmore, President Judge of the Greene Court of Common Pleas.

In connection with this judgment, plaintiff introduced an exemplified copy of an act of the Legislature of. the state of Pennsylvania, as follows:

"It shall be the duty of the prothonotary of any court of record within this commonwealth, on the application of any person being the original holder, (or assignee of such holder,) of a note, bond, or other instrument of writing in which judgment is confessed, or containing a warrant for an attorney-at law, or other person to confess judgment, to enter judgment against the person or persons who executed the same for the amount, which, from the face of the instrument, may appear to be due without the agency of an attorney, or declaration filed, with such stay of execution as may be therein mentioned, for the fee of one dollar to be paid by the defendant, particularly entering upon his docket the date and tenor of the instrument in writing on which the judgment may be founded, which shall have the same force and effect as if a declaration had been filed and judgment confessed by an attorney, or judgment obtained in open court, and in term time, and the defendant shall not be compelled to pay any costs or fee to plaintiff's attorney when judgment is entered on any instrument of writing as aforesaid."

Plaintiff also introduced the testimony of R. W. Downey, in substance as follows:

"I am familiar with the practice of the courts of Common Pleas of Pennsylvania, and also with the manner of rendering and entering judgment in said courts. My knowledge is

derived from thirty years' practice as a member of the bar of the Common Pleas of Greene county, and also as a member of the bar of the Supreme Court of the state.

"I have examined the exhibit marked "A," (the judgment above set out), as requested, and say that in my opinion the same is in the usual form of judgments entered on judgment notes, such as the note in this case, and that the same is properly entered according to the practice of the courts of Pennsylvania in such cases, and is legal and valid.

"I have examined the copy of the note attached to this commission, and I have also examined the entry of the judgment thereon, and I am of the opinion, and so affirm, that the judgment thereon was usual, proper and legal, and that whether the note was due or not due at the time when the judgment was entered. The practice in such cases is, when the holder of such a note presents it to the prothonotary of the courts, and requests him to enter it, he does so upon the payment of the fees, and the judgment becomes for all intents and purposes a valid judgment of said court.

The evidence of Phelan and Black, attorneys, and of Temple, prothonotary, is substantially the same. The defendant introduced no testimony.

The court instructed the jury in substance that the authenticated record of the judgment, and of the law of Pennsylvania, with the depositions of the witnesses, establishes the judgment, under the laws of said State and the usages of said court, to be valid in said State; that the evidence proves said court had jurisdiction of the subject-matter, and that, by the acts of Congress relative thereto, said judgment is of full force and validity in this State, and conclusive against defendant for the amount thereof, with interest at six per cent. from the first day of April, 1855.

The defendant asked thirteen instructions, all of which were refused.

The defendant assigns as error generally the giving of the instructions, and the refusing of those asked by defendant, the admitting of the transcript of judgment as evidence, the permitting of the depositions of witnesses to be read, the ren-

dering judgment against defendant, and the computing six per cent. interest.

It is urged that the evidence of the witnesses as to the valid-

**1. EVIDENCE: experts: practice in other States.** ity of the judgment under the usages of the courts of Pennsylvania, is incompetent. Its competency is fully established by the case of *Greasons v. Davis,* 9 Iowa, 219.

It is further claimed that the court had no jurisdiction to enter the judgment. The note contains a power of attorney

**2. FOREIGN JUDGMENT: judgment-note: jurisdiction.** authorizing any attorney to enter judgment for the amount thereof, with costs. The act of the legislature of Pennsylvania authorized the prothonotary to enter the judgment. The proof shows that it is customary and proper, in the State of Pennsylvania, to enter such judgment before the instrument matures. The power of attorney to confess judgment gave the court jurisdiction over the person of defendant. *Patterson v. State of Indiana,* 2 G. Greene, 495. And under the usage and practice in the Pennsylvania courts, the subject-matter was also within the jurisdiction of the court.

It is further urged that there is no evidence that this judgment received any faith and credit, or that it was of any force and effect in Pennsylvania.

The statute introduced in evidence, however, provides that a judgment entered by the prothonotary shall have the same

**3. ——: ——: ——.** force and effect as a judgment obtained in open court and in term time. And the testimony of the witnesses shows that a judgment entered as this becomes for all intents and purposes a valid judgment of the court in which it is entered.

It is further claimed that the judgment does not appear to be the judgment of a court of record, and that it is barred under paragraph 4, § 2740, Rev.

It is to be observed, however, that the section of the Pennsylvania statute, read in evidence, authorizes only the prothonotary of a court of record to enter the judgment.

And as this is proved to be in all respects a valid and legal

judgment, it must of necessity be the judgment of a court of record.

· It is claimed that the court erred in directing the jury to

4. ——: inter-  allow interest at the rate of six per cent., as there
est : rate of.  was no proof of the rate of interest in Pennsyl-
vania.

*Prima facie* the rate of interest is governed by the law of this State. If it is claimed that the *lex loci* authorizes a different rate of interest, that fact must be averred and proved. *Bean v. Briggs & Felthouser*, 4 Iowa, 464.

The record discloses no error.

                                        AFFIRMED.