Ritter v. Hoffman.

---

## Thomas C. Ritter, *et al.*, v. John W. Hoffman.

1. Pennsylvania Judgment, *When Enforced in Kansas.* Under the laws of Pennsylvania, as they are shown to be by the parol and statutory evidence introduced on the trial, a valid personal judgment may be rendered in the state of Pennsylvania by the clerk of the court, or prothonotary, in vacation, upon a penal bond and a written confession of judgment, for the full amount of the penalty, without summons or pleadings, but merely upon the request of the obligee of the bond; and such judgment will be enforced in Kansas to the extent of the actual damages suffered by the obligee.

2. Judgment, *Confessed in Pennsylvania.* Under the evidence in the case, an instrument in writing confessing judgment, executed in Pennsylvania and by a resident of that state, gives to the courts of Pennsylvania such jurisdiction over the person of the defendant that a valid personal judgment, enforcible in another state, may be rendered against him merely upon his written confession and the request of the holder of the instrument; and this without summons or pleadings or appearance by the defendant, and by the clerk of the court, or prothonotary, in vacation, and although the defendant may at the time of the rendition of the judgment be absent from the state of Pennsylvania and a resident of another state.

3. Foreign Judgment—*When Enforcible, When Not.* A judgment rendered and entered in a state other than Kansas in accordance with

the laws of such other state and valid there, may be valid and enforcible in Kansas, although a judgment rendered and entered in the same manner and form and under like circumstances in Kansas, would be utterly void.

*Error from Saline District Court.*

IN August or September, 1883, *John W. Hoffman* commenced an action in the district court of Saline county, against *Thomas C. Ritter* and *Abraham Ritter*, to recover the sum of $300 with interest and costs. On November 14, 1883, the plaintiff, with leave of the court, filed an amended petition, which reads as follows, omitting title and signature:

"The said plaintiff complains of said defendants, and says that at the times hereinafter mentioned, the court of common pleas in and for the county of Columbia and state of Pennsylvania, was a court of general jurisdiction, duly created and organized under the laws of that state; that on, to wit, May 29, 1879, the said plaintiff, by the consideration of said court, recovered a judgment against said defendants for the sum of three hundred dollars, which said judgment was duly given and entered, and still remains in said court in full force and effect, in no wise reversed or annulled. A copy of said judgment is hereto attached, marked 'Exhibit A,' and made a part of this amended petition.

"Said plaintiff further says that said judgment was entered upon a certain indemnifying bond executed by said defendants to said plaintiff, a copy of which is hereto attached, marked 'Exhibit B,' and made part hereof; for the purposes in said bond mentioned—that thereby said defendants bound themselves to indemnify and save harmless the said plaintiff from all suits, actions, damages and costs that he might suffer, or that might accrue to him by reason of his proceedings under certain executions issued at the suit of said defendant, T. C. Ritter, against Barney Weiss and L. Weiss; that after the execution of said bond, and by virtue of said executions, said plaintiff was held liable by reason of his proceedings thereunder, to one Hannah Weiss, who claimed to be the owner of the property levied on and mentioned in said indemnifying bond, and in an action duly commenced in said court of common pleas of Columbia county, Pennsylvania, on, to wit, April 22, 1878, by said Hannah Weiss against this plaintiff, said Hannah Weiss, by the consideration of said court, duly

recovered a judgment against plaintiff for the sum of $168, and $82.40 costs of suit, which said judgment was entered in said court on, to wit, May 16, 1879, and was thereafter paid by plaintiff; that said sum of $168 and costs of $82.40 were the damages and costs against which said indemnifying bond was given. Said plaintiff says that said defendants have neglected and refused to reimburse him for said damages and costs, or to pay any part of said judgment for $300 entered against them on said bond, and the same remains wholly unsatisfied.

"Wherefore, said plaintiff prays judgment against said defendants for the sum of $250.40, with interest thereon from May 16, 1879."

"Exhibit A," above mentioned, reads as follows:

STATE OF PENNSYLVANIA, COUNTY OF COLUMBIA, SS. —Among the records and proceedings of the court of common pleas in and for said county, *inter alia*, it is thus contained:

APPEARANCE DOCKET ENTRY TO SEPTEMBER TERM, 1879.—No. 41.— *John W. Hoffman* (41) *v. Thomas C. Ritter* and *Abraham Ritter.*—$1.25 paid by plff. Judgment confessed on indemnifying bond for $300. Dated June 7, 1877. Conditioned to indemnify and save harmless the above-named John W. Hoffman, sheriff, in a certain writ of *fieri facias*, against Barney Weiss and L. Weiss at the suit of Thomas C. Ritter, waiving exemption, inquisition, condemnation, and stay of execution. May 28, 1879, judg't is entered. WM. KRICKBAUM, *Prot.*

JUDGMENT DOCKET ENTRY.

| DEFENDANTS. | PLAINTIFF. | No. | TERM | YEAR | DATE OF LIEN. | NATURE. | AMOUNT. |
|---|---|---|---|---|---|---|---|
| Ritter, Thomas C., et al., | John W. Hoffman.. | 41 | Sept. | 1879 | 28 May, 1879. | Indemnify'g b'd.. | $300 00 |
| Ritter, Abraham, et al... | Same................... | 41 | Sept. | 1879 | 28 May, 1879. | Indemnify'g b'd.. | 300 00 |

"Exhibit B," mentioned in the petition, is an indemnity bond in the penal sum of $300, and such as is described in the petition and in "Exhibit A;" and it also contains the following stipulation, to wit:

"And we (Thomas C. Ritter and Abraham Ritter) do hereby confess judgment for the above-named sum, without stay of execution, waiving the three hundred dollars exemption law, waiving inquisition, with confession of condemnation on real estate."

The amended answer of the defendants is as follows, omitting title and signature:

"And the said Thomas C. Ritter and Abraham Ritter, defendants, now come, and for their amended answer to the petition of the said John W. Hoffman, plaintiff, allege and say:

"1. That they deny each and every allegation and averment in said petition contained.

"2. And for a second and further cause of defense to said petition, said defendants say that at the time when said proceedings were commenced as set forth in plaintiff's petition, and at the time when said supposed judgment was rendered as alleged in said petition, they, the said defendants, were citizens of the state of Kansas and were residing therein; and said defendants further allege that they were not served with process in said case, and had no notice whatever of the pendency of said action, and that they never appeared thereto in person nor by attorney, and this they are ready to verify.

"3. And for further cause of defense defendants allege and aver that said prothonotary of said court of common pleas had no jurisdiction or authority in law to enter said pretended judgment.

"4. And for a fourth cause of defense defendants allege and aver that said court of common pleas had no authority in law to render said pretended judgment.

"5. Said defendants further allege and aver that said pretended judgment is void in law.   Wherefore, defendants pray judgment for costs."

The reply of the plaintiff to this answer was a general denial.   The case was tried before the court, without a jury, on December 22, 1884, and the court found generally in favor of the plaintiff and against the defendants, and rendered judgment accordingly in favor of the plaintiff and against the defendants for $348.50.   The defendants bring the case to this court.

*R. A. Lovitt*, for plaintiffs in error.

*Garver & Bond*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: In the year 1877, John W. Hoffman, who was the sheriff of Columbia county, Pennsylvania, held in his hands a writ of *fieri facias*, or in other words, an execution, in favor of Thomas C. Ritter, and against Barney Weiss and

L. Weiss, under which execution he, the sheriff, levied upon certain property as the property of the defendants in the execution.   Hannah Weiss claimed the property, and there being an uncertainty as to whom it belonged, Ritter and his father, Abraham Ritter, gave to the sheriff, Hoffman, an indemnity bond, with a confession of judgment for $300.   This bond and confession were executed June 7, 1877.   At that time the Ritters resided in Columbia county, Pennsylvania.   Afterward, and sometime in February, 1878, they removed to Saline county, Kansas, where they have resided ever since, and have not been in Pennsylvania since their removal to Kansas.   The property levied on was sold by the sheriff, and the proceeds applied in partial satisfaction of the execution.   The property, however, did not in fact belong to Barney Weiss and L. Weiss, or to either of them, but belonged to Hannah Weiss; and on April 22, 1878, she commenced an action against the sheriff, and recovered a judgment against him, for the value thereof, $168 and costs of suit, $82.40, which judgment Hoffman paid. This judgment was rendered on May 16, 1879.   Afterward, and on May 28, 1879, Hoffman, the sheriff, procured a judgment to be rendered in the court of common pleas of Columbia county, Pennsylvania, in his favor and against Thomas C. Ritter and Abraham Ritter on the indemnity bond, for $300. Afterward, and sometime in August or September, 1883, Hoffman commenced this present action in Saline county, Kansas, which involves in its determination the legal effect of the foregoing facts.   Judgment was rendered in this action in favor of the plaintiff, Hoffman, and against the Ritters, on December 22, 1884, for $348.50 and costs of suit; and on February 25, 1885, the defendants brought the case to this court for review.

The plaintiffs in error, defendants below, claim that the judgment rendered against them and in favor of Hoffman in the common pleas court of Columbia county, Pennsylvania, on the indemnity bond and confession of judgment, is an absolute nullity, for several reasons, which we shall hereafter mention; and further claim that upon the other facts of the

case Hoffman is not entitled to any relief, for the reason that they do not constitute a cause of action; that the court erred in overruling the defendants' demurrer to the plaintiff's petition and in permitting the plaintiff to amend his petition, and in overruling the defendants' motion for a new trial. On the other hand, the defendant in error, plaintiff below, claims that the judgment rendered in Pennsylvania on the indemnity bond and confession of judgment is valid, but even if not, still that upon the other facts alleged in his amended petition he is entitled to recover, and that the court below did not err in any of the respects claimed by the defendants, plaintiffs in error. A judgment rendered in Kansas in the manner and form in which the Pennsylvania judgment was rendered would be an utter nullity in Kansas; but according to the evidence introduced on the trial in this case such is not the case in Pennsylvania. According to the evidence introduced on the trial of this case, the judgment rendered in Pennsylvania is absolutely good and valid in the state of Pennsylvania; and, according to the decisions rendered in Pennsylvania, we would also think that the judgment is absolutely good and valid. A valid judgment may be rendered in Pennsylvania upon a confession, as this was, without summons or pleadings, and by the clerk of the court in vacation, or by the prothonotary, as the clerk is called in Pennsylvania. It may be rendered merely upon the personal appearance and confession of the defendant himself, or upon the appearance and confession for the defendant by an attorney at law, duly authorized in writing to do so by the defendant, or upon a confession contained in a written instrument executed by the defendant, without any appearance by the defendant himself or any person for him, but merely at the request of the holder of such instrument; and the judgment thus rendered may be upon a debt due, or for an agreed amount to secure a future or contingent liability, or unascertained and unliquidated damages. Among the numerous decisions rendered in the state of Pennsylvania concerning these matters we would cite the following: *Holden*

1. Pennsylvania judgment, when enforced in Kansas.

*v. Bull,* 1 Pen. & W. 460; *Miller v. Howry,* 3 id. 374; *Stewart v. Stocker,* 1 Watts, 135; *Pennock v. Copeland,* 1 Phil. 29; *Moore v. Hutchinson,* 1 id. 377; *McCalmont v. Peters,* 13 Serg. & R. 196; *Cook v. Gilbert,* 8 id. 567; *Ely v. Karmany,* 23 Pa. St. 314; *McClure v. Roman,* 52 id. 458; *Shenk's Appeal,* 33 id. 371; *Parmentier v. Gillespie,* 9 id. 86; *Terhoven v. Kerns,* 2 id. 96; *Sheble v. Cummins,* 1 Brown, 253.

We think the only question for us to determine in this case is, whether the judgment rendered in Pennsylvania is equally as good in Kansas as it is in Pennsylvania. If it was rendered without jurisdiction personally of the defendants, of course it would be void in Kansas; but if it was rendered with such jurisdiction, then it would be equally as good and valid in Kansas as it is in Pennsylvania; for, under §1, article 4, of the federal constitution, "full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state." The defendants claim that the judgment is void in Kansas for the following reasons:

"The record made by the prothonotary is designated 'judgment docket entry.' It is entered as at the September term, 1879. No summons was ever issued and no appearance was ever made by either of the defendants. No judgment was ever rendered by the court itself. No finding was ever made by the court as to the amount due Hoffman, if anything, on said bond. The action of the prothonotary was never ratified and confirmed by the court at or during the subsequent September term. As far as appears from the record, and as far as the Pennsylvania law is concerned, upon which defendant in error relies, he was at liberty to take judgment on said bond the next day after it was executed, and it would have been just as valid in our courts as the one sued on. . . . It does not appear from the face of the instrument the amount that is due; in fact it does not appear from the instrument that any amount was due at the time it was filed by the prothonotary."

The defendants further claim that the judgment is void in Kansas for the reason that it was rendered for the amount of a penal bond given to secure a future and contingent liability, and to secure at most only unascertained and unliquidated damages which had not yet accrued; also for the reason that

these damages were not proved at the time when the judgment was rendered; and also for the reason that the defendants were in Kansas and not in the state of Pennsylvania at the time when the judgment was rendered. The question, however, as to how far these matters may affect the validity of the judgment in Pennsylvania, or as to whether they can have the effect to render the judgment invalid in Pennsylvania, has been completely answered by the evidence introduced on the trial of this case. The judgment was shown by the evidence, parol and statutory, to be valid in Pennsylvania; and while it seems that judgments may sometimes be rendered in Pennsylvania before the ultimate liability of the defendant occurs, and for more than the amount of that liability, yet the courts of Pennsylvania seem to be ever watchful that no injustice shall be done. It seems that the courts there hold that whatever in equity and good conscience ought to be a satisfaction of such judgments will in fact be a satisfaction thereof; and therefore, whenever a judgment is rendered on a penal bond, as in this case, for the full amount of the penalty, the plaintiff holds the judgment, in effect, only as a security, and may collect on the judgment only his real and actual damages. At common law, as contradistinguished from equity, judgments were rendered on penal bonds for the full amount of the penalty. ( 2 Blackstone's Com. 341; 1 Tidd's Pr. 585.) And in this very case the district court of Saline county, Kansas, rendered judgment only for the plaintiff's real and actual damages, including interest, and not for the full amount of the penalty of the bond, with interest, nor for the full amount of the Pennsylvania judgment, with interest. Is the Pennsylvania judgment valid to this extent in Kansas? This question depends solely, as we think, upon the further question whether the court of Columbia county, Pennsylvania, which rendered the judgment, had at the time sufficient jurisdiction of the persons of the defendants to render the judgment. In several of the states, judgment may be rendered in vacation by the clerks of the courts, or by the prothonotaries, as they are called in Pennsylvania, and in several of the states judgments may be rendered upon

instruments in writing, executed by the defendants as this was, confessing judgment; and in Pennsylvania, and perhaps in some of the other states, and at common law, judgments may be rendered on penal bonds for the full amount of the penalty. All this is shown to have been regularly and properly done, under the laws of Pennsylvania, in the present case. Under the laws of Pennsylvania, as shown by the evidence, parol and statutory, we think the Pennsylvania court rendering the judgment in the present case had jurisdiction of the persons of the defendants. It is not necessary in all cases that a summons should be issued and served upon a party to the action in order to give the court jurisdiction over him personally. A summons is never issued against a plaintiff, and still the court has the same jurisdiction of the plaintiff that it has of the defendant. A voluntary appearance in the court is all that is required of either the plaintiff or the defendant. Neither is it necessary that the appearance of the party should be in person. It may be by attorney. In many cases neither the plaintiffs nor the defendants ever appear personally in the court, and yet the court may have ample jurisdiction of both. A plaintiff, by the voluntary appearance of his authorized counsel, may give such personal jurisdiction of his person to the court that a personal judgment rendered against him would be valid everywhere in the United States, although he had never in fact made any personal appearance in the court, nor even been in the state where such court was held, or such judgment rendered. He has given such jurisdiction by simply authorizing an attorney to appear for him, and by the appearance of such attorney in the case. In the present case, while the defendants were residents of the state of Pennsylvania they executed an instrument in writing, which under the laws of Pennsylvania gave any proper court authority to take such jurisdiction of their persons as to render a valid personal judgment against them; and by leaving the state of Pennsylvania without attempting to revoke or cancel that instrument, we do not think that they so revoked the power of the courts of Pennsylvania that they could not

*2. Judgment confessed in Pennsylvania; practice.*

afterward take jurisdiction of the defendants' persons, and render a valid personal judgment against them. And here we might say, that when the defendants executed the instrument in writing, confessing judgment, and upon which the Pennsylvania judgment was rendered, they were bound to know what the laws of Pennsylvania were, and such laws became a part of their contract, and by their contract they surrendered jurisdiction of themselves personally to the courts of Pennsylvania. A Pennsylvania judgment similar to the one in question in this case, has been held to be valid in Iowa. (*Crafts v. Clark*, 38 Iowa, 237; see also *Patterson v. The State*, 2 G. Greene, 493.) About the only differences between the Pennsylvania judgment held to be valid in Iowa and the one now in question, are that the Pennsylvania judgment held to be valid in Iowa was rendered upon the authority given in writing *to any attorney of any court of record in Pennsylvania to enter judgment*, and was rendered upon *a promissory note nearly five years before it was due*, and there is nothing to show *where the defendants were at the time*, whether in Pennsylvania or elsewhere; while the judgment in question in this case was rendered upon *a written confession of judgment* by the defendants themselves, upon a penal bond, *after condition broken*, and the defendants at the time the judgment was rendered *were in Kansas*, and resided in Kansas. These differences are certainly not sufficient to authorize a holding that the judgment in question in this case is invalid, if it was rightly held that the judgment in question in the Iowa case was valid. We think, under the facts of this case, the Pennsylvania judgment must be held to be valid; and we further think that even if it were invalid, still that the facts alleged in the plaintiff's amended petition constitute a good cause of action, and authorize the judgment that was in fact rendered by the court below.

Whether the court below erred in overruling the defendants' demurrer to the plaintiff's original petition is wholly immaterial, for the plaintiff subsequently filed an amended petition which we think states a good cause of action. And we do not

think that the court below erred in overruling the defendants' motion for a new trial. Indeed, we do not think that the court below committed any material error.

The judgment of the court below will be affirmed.

All the Justices concurring.