FIRST NATIONAL BANK OF ATHENS, OHIO, *v.* GARLAND.

1. JUDGMENT—VALIDITY—IDENTIFICATION OF PARTIES.

A judgment entry is not invalid because it designates the defendants only by reference to the title of the cause.

2. SAME—WARRANT OF ATTORNEY—EXTENT OF AUTHORITY CON-FERRED.

A warrant of attorney, purporting to authorize "any attorney at law" to confess judgment on a note in "any court of record," is sufficient to sustain a judgment entered in a court of the State in which the warrant was executed, on confession of an attorney of such court, even though the warrant could be given no extraterritorial effect.

3. SAME—ISSUE OF PROCESS.

A judgment entered on a warrant of attorney which expressly permits it without process is not within the provisions of the Ohio statute requiring the issue of summons as a condition precedent to the taking of judgment

Error to Bay; Maxwell, J.   Submitted April 23, 1896. Decided May 26, 1896.

*Assumpsit* by the First National Bank of Athens, Ohio, against Michael Garland and others, upon a foreign judgment.   From a judgment for defendants on verdict directed by the court, plaintiff brings error.   Reversed.

*Van Kleeck & Anneke,* for appellant.

*Simonson, Gillett & Courtright (C. L. Collins,* of counsel), for appellee Garland.

HOOKER, J.   This action was brought upon a judgment, rendered in favor of the plaintiff and against the defendants in the common pleas court for the county of Athens, in the State of Ohio, by confession of attorney, upon a note reading as follows:

"$5,000.                CHILLICOTHE, O., May 29, 1894.

"Four months after date, we jointly and severally promise to pay to the order of George F. Hunter five thousand dollars, for value received, with interest at the rate of eight per cent. per annum after maturity.   And we hereby jointly and severally authorize and empower any attorney at law, in any court of record, at any time after the above note becomes due, to appear for us, or either of us, without process, in court, and confess judgment for the said amount, interest, and costs, in favor of the payee, legal holder, indorsee, or assignee hereof, and release all errors which may accrue in the rendition of such judgment.

"And we also release the right of appeal, the stay of execution, and the power and privilege to hold exempt from execution any personal or real property belonging to us, or either of us, at and after the date of such judgment; and our said attorney is hereby authorized to enter such release in such judgment.

"NATIONAL COTTON SEED OIL & HULLER CO.,
                    "Per G. W. WASHBURN, Pt.,
                            "JOHN W. BARGER, Secy.
                            "JOHN D. MILBURN.
                            "T. H. MILBURN,
                            "G. W. WASHBURN.
                            "R. T. HOUGH.
                            "JOHN W. CORWIN.
                            "JOHN W. WASHBURN.
                            "M. GARLAND.
                            "A. J. DEITERICH.
"Demand, notice, and protest waived."
Indorsement:                "GEORGE F. HUNTER."

A verdict was directed in behalf of the defendants, and the plaintiff has appealed.

In the circuit court the case turned upon the failure of the judgment entry to include the names of the several defendants, they being designated as "said defendants" by reference to the title of the cause. It is a general rule that an obscure judgment entry may be construed with reference to the pleadings and record. *Foot* v. *Glover,* 4 Blackf. 313; *Fowler* v. *Doyle,* 16 Iowa, 534; *Bell* v. *Massey,* 14 La. Ann. 831. In *New Orleans, etc., R. Co.* v. *City of New Orleans,* 14 Fed. 373, it was held that a judgment might be construed in the light of the opinion rendered. Numerous cases hold that a judgment for or against plaintiffs or defendants generally, the names being omitted, may be explained by a reference to the caption, record, or pleadings. *McCartey* v. *Kittrell,* 55 Miss. 253; *Smith* v. *Chenault,* 48 Tex. 455; *Collins* v. *Hyslop,* 11 Ala. 508; *Finnagan* v. *Manchester,* 12 Iowa, 521; *Rood* v. *School District,* 1 Doug. (Mich.) 502; *Overall* v. *Pero,* 7 Mich. 315.

Counsel for defendants claim that the Ohio judgment was void, and that the direction of the circuit judge was correct for that reason. As grounds for this it is asserted:

1. That the warrant of attorney was void, because too comprehensive, in that it attempted to confer the power to confess judgment upon any attorney in any court in the world.

2. That no valid judgment could be rendered in Ohio without process being issued.

We are cited to two cases in support of the first contention, viz.: *Carlin* v. *Taylor,* 75 Tenn. 667; *Davis* v. *Packer,* 8 Ohio Cir. Ct. R. 107. In the former of these, an action was brought in term upon a judgment by confession, rendered in Ohio, upon a warrant of attorney executed in Pennsylvania. This warrant empowered an attorney of record, "within the United States, or elsewhere," to confess judgment, and it was said to be "void for its comprehensive uncertainty." This was going fur-

ther than the necessities of the occasion required, and the language quoted was qualified by the following:

"As we have seen, the note and power of attorney was made in Pennsylvania. Giving to the law of that State its fullest operation, and conceding that, under it, the power to confess judgment might have been exercised within the lines of the State, that power will certainly not be extended to any State in which the holder may see fit to carry or transmit the paper, and have it there construed as constructive and effective notice of proceedings for its enforcement by recovery of judgment for the amount stipulated in its terms to be paid. Otherwise, one State might, by its legislation, affect all the citizens of other States equally with its own, and require of these other States the application of its statutory laws to citizens of such other States, and who could not be brought within the jurisdiction of its courts. Such recognition would confer upon one State the power to prescribe rules of practice for all others. The Ohio court seems to have recognized such right, but, as we think, without authority of law, and without such purpose on the part of Pennsylvania."

The Ohio case was one where the instrument was made in Chicago, and made payable there. An appeal was taken from a judgment entered in Ohio, and the question was whether the instrument authorized it. Like the instrument in the Tennessee case, the warrant contained no limitation as to where the judgment might be taken, the language being, "in any court of record." The court said:

"It seems to us as bordering on the absurd to suppose that the parties to these instruments intended that judgments might be rendered on them in any court of the United States, or any court in the world. The note is made payable at a particular place in the city of Chicago, in the State of Illinois. It would seem strange that, after providing particularly as to place of payment, they had provided that judgment might be taken in any court of the world."

Not only did the court not follow the suggestion of the court of Tennessee, that the provision was void, but it

quoted with approval the following language of Mr. Freeman, viz. :

"Mr. Freeman, in his work on Judgments, says, at section 545 : 'While a warrant of attorney may doubtless be so drawn as to authorize a confession in another State, yet the intention to give authority to act beyond the State is not presumed; and, though some of the words used are sufficiently comprehensive to justify the attorney in acting in any State or country, yet, if there are words which appear to limit the authority to the State in which the warrant was executed, they will prevail.'"

It was held that the Ohio common pleas had no jurisdiction of the case.

In our opinion, it is unnecessary to go the length of holding warrants of attorney void because they purport to give authority to confess judgments in courts beyond the limit of the State where the instrument is executed. The authorities upon the subject are not all in accord with the case cited, and we see no reason why such instruments could not be held valid as to judgments confessed within the State where the warrant was executed. See *Teel* v. *Yost*, (N. Y. App.) 13 L. R. A. 796, and notes. In the case before us, the instrument purports to have been executed within the State of Ohio, and, though counsel for the defendants state that one of the makers executed it in Michigan, we are not advised that the record shows it. The judgment was rendered by a court of record of that State, within the terms of the warrant, upon confession of an attorney of that court, as appears by the judgment. The case, therefore, is not one presenting the question actually decided in either of the cases mentioned, and, in our opinion, the warrant of attorney was such as to confer necessary jurisdiction.

We think there is no merit in the other point. It is urged that the Ohio statute (sections 5035 and 5060) precludes a judgment except upon the filing of a verified petition and issue of summons. We are of the opinion that these sections should not apply to a case where

the warrant expressly permits judgment without process, as in this case. Section 5321 *et seq.* authorizes judgments by confession. A petition duly verified was filed, as the record shows.

The Ohio judgment being valid, the judgment is reversed, and a new trial ordered.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. LONG, C. J., did not sit.