GEORGE B. VAN NORMAN *vs.* GUSTAVUS E. GORDON.

Suffolk.    November 9, 1898. — March 2, 1899.

Present: FIELD, C. J., HOLMES, MORTON, & LATHROP, JJ.

*Foreign Judgment — Confession of Judgment under Warrant of Attorney — Action.*

If a judgment of a court of record of another State in an action on a promissory note is entered upon a confession by an attorney of such a court under a warrant executed by the defendant, appointing A., "or any attorney of any court of record," his attorney to enter his appearance at any time after the note became due to waive the service of process, and confess a judgment in favor of

the plaintiff, but who was not otherwise authorized to appear for the defendant and confess judgment, and who was requested to appear by A., and whose appearance was really in the plaintiff's interest, there being no charge of fraud, or that judgment was entered for more than the note, or before the note was due, such judgment is entitled to full faith and credit here.

CONTRACT, upon a judgment of the Circuit Court for Milwaukee County in the State of Wisconsin, recovered on July 30, 1890, by the plaintiff against the defendant in an action on a promissory note for $5,000, dated January 18, 1889, payable in that State to the plaintiff in one day from date, and signed by the defendant, who also executed at the same time an instrument, the material part of which is as follows : " Now, therefore, in consideration of the premises, I do hereby make, constitute, and appoint E. H. Bottum, Esq., or any attorney of any court of record, to be my true and lawful attorney irrevocably, for me and in my name, place, and stead, to enter my appearance before any court of record, in term time or in vacation, in any of the States or Territories of the United States, at any time after said note becomes due, to waive the service of process, and confess a judgment in favor of the said George B. Van Norman, or his assigns, upon the said note, for the above sum, or for as much as shall appear to be due, according to the tenor and effect of said note, and interest thereon at the rate of seven per cent per annum, to the day of the entry of said judgment, together with costs, and also to file a cognovit for the amount that may be so due, and to release all errors that may intervene in entering up said judgment, or in issuing the execution thereon, hereby ratifying and confirming all which my said attorney may do by virtue hereof."    Annexed to the declaration was a copy of the record of the court in which the judgment was entered, which set out the " complaint," reciting the making and delivery of the note, and demanding judgment for the amount due, by " Winkler, Flanders, Smith, Bottum & Vilas, Plaintiff's Attorneys " ; an answer as follows :  " And now comes the above named defendant, by Ogden & Hunter, his attorneys, and by virtue of the power of attorney hereto annexed waives the service of process upon the said defendant, and enters his appearance herein, and confesses all the allegations in the plaintiff's complaint, and that there is due from the defendant to the

plaintiff on the note described therein the sum of . . . and hereby confesses and authorizes judgment for that amount, together with costs ; and now here releases all errors which may intervene in entering up judgment hereon, and in issuing execution on such judgment," signed by " Ogden & Hunter, Defendant's Attorneys "; the note and warrant of attorney to confess judgment; the judgment declared on amounting to $5,563.99 ; and an execution returned unsatisfied; and was authenticated by the clerk of the court, with the seal affixed.

The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, in substance as follows.

The defendant signed the note on which suit was brought in Wisconsin. He also signed the warrant of attorney to confess judgment, on which judgment was confessed in Wisconsin. At the time he signed the note and warrant of attorney he was in and was a resident of that State. No personal service was made on the defendant in that suit. The defendant never authorized Ogden and Hunter, attorneys at law, to appear or act for him in the suit except as they may have been authorized so to do by the warrant of attorney to confess judgment. The judgment was entered as set forth in the declaration and the record thereto annexed, and has never been vacated or satisfied in any part. Ogden and Hunter, the attorneys who appeared and confessed judgment for the defendant, were attorneys of a court of record.

*C. H. Sprague*, for the plaintiff.

*G. B. Upham*, for the defendant.

MORTON, J. The question is whether the judgment which the plaintiff seeks to enforce is entitled to full faith and credit. The answer depends on whether the court which rendered it had jurisdiction to render such a judgment. *Board of Public Works* v. *Columbia College*, 17 Wall. 521. If it had, then the fact that it is a judgment by confession under a warrant of attorney is immaterial. Such judgments, when rendered by courts having jurisdiction of the cause and the parties, have all the qualities, incidents, and attributes of other judgments. *Teel* v. *Yost*, 128 N. Y. 387. See *Henry* v. *Estes*, 127 Mass. 474.

It does not appear from the facts that are agreed whether the laws of Wisconsin in force at the time authorized the entry of

judgments pursuant to powers of attorney to confess judgment, or if so, under what circumstances, or whether the court which rendered the judgment was a court of record or of general jurisdiction, or, if that is material, whether the defendant was a resident of Wisconsin when the judgment was rendered and the proceedings were instituted. No objection has been made, however, in respect to these matters, and the copy of the record, which has been submitted to us, shows that the court was a county court, with a clerk and seal, and was therefore a court of record, and may be presumed to have been a court of general jurisdiction. *Knapp* v. *Abell,* 10 Allen, 485, 489. *Pringle* v. *Woolworth,* 90 N. Y. 502.

And in view of the further considerations that every presumption is to be made in favor of the regularity of the proceedings, that it is not now contended that the court had not jurisdiction to enter judgment pursuant to a warrant of attorney to confess judgment, and that such proceedings are well known at common law and in many States, we think that it may also be presumed that the court had jurisdiction to enter judgment upon a warrant of attorney to confess judgment, and that the proceedings were regular, and according to the laws of Wisconsin. *McMahon* v. *Eagle Life Association,* 169 Mass. 539, and cases cited. *Wright* v. *Andrews,* 130 Mass. 149. *Stockwell* v. *McCracken,* 109 Mass. 84. *Bissell* v. *Wheelock,* 11 Cush. 277. *Galpin* v. *Page,* 18 Wall. 350.

The attorneys who appeared and acted for the defendant never were authorized to appear for him and confess judgment, except as they were authorized to do so by the warrant of attorney. It is agreed that they were attorneys of a court of record, — in Wisconsin we assume. We assume also that they were requested to appear by the attorney named in the warrant, or his firm, and that their appearance was really in the plaintiff's interest. That naturally would be so, and must have been expected when the power of attorney was given. There is no charge of fraud, or that judgment was entered for more than was due, or before the note was due, which would have been contrary to the power of attorney. The record shows that judgment was not entered till seventeen or eighteen months after the note was due. The note and warrant of attorney were

both signed in Wisconsin, where the defendant, and, as we infer, the plaintiff, resided at the time, and the note was payable in Wisconsin, where the plaintiff has his place of business, if not his home.

What was done in confessing judgment came within the terms of the warrant of attorney. Unless, therefore, the warrant of attorney purported to give an authority which it did not, or was for some reason invalid, we see no ground on which the judgment can be called in question. Assuming that we could refuse full faith to the judgment if we thought that there was an error of law in it, (see *contra, Laing* v. *Rigney,* 160 U. S. 531, *Carpenter* v. *Strange,* 141 U. S. 87, and *Richards* v. *Barlow,* 140 Mass. 218,) we find nothing which would justify such a conclusion. The warrant well might be held valid in Wisconsin, though adjudged invalid in another State. According to Mr. Dicey and Mr. Freeman, however, a warrant of attorney may be so drawn as to authorize a confession of judgment in a foreign State. Dicey, Confl. of Laws, 377. Freem. Judgments, § 545.

Lord Blackburn went so far in one case as to suggest that "If at the time when the obligation was contracted the defendants were within the foreign country, but left it before the suit was instituted, we should be inclined to think the laws of that country bound them." *Schibsby* v. *Westenholz,* L. R. 6 Q. B. 155, 161. He was overruled, however, in *Sirdar Gurdyal Singh* v. *Rajah of Faridkote,* [1894] A. C. 670, 685, 686.

In *Richards* v. *Barlow, ubi supra,* no objection seems to have been taken because the warrant authorized an appearance "by any attorney of any court of record." See also *First National Bank* v. *Garland,* 109 Mich. 515; *Teel* v. *Yost,* 128 N. Y. 387. And in *Pirie* v. *Stern,* 97 Wis. 150, it was held that a power authorizing a confession of judgment "in any court of record" could be executed in any State in the Union, disapproving, as does also the court in Michigan in *First National Bank* v. *Garland, ubi supra,* the cases in Ohio and Tennessee on which the defendant relies. In *Blanck* v. *Medley,* 63 Ill. App. 211, it was held that a warrant of attorney authorizing "any attorney of any court of record" to confess judgment could be executed by an attorney in partnership with the attorney who signed the declaration for the holder of the note. See also *Mikeska* v. *Blum,* 63 Tex. 44.

We think, therefore, that the judgment must be regarded as rendered by consent of the defendant, that it was such a judgment as the court which rendered it had jurisdiction to render, and that it is entitled to full faith and credit.

*Judgment for the plaintiff.*