129     453
133     445

129     453
140     393

J. WALTER CUYKENDALL, Appellant, v. NELSON R. DOE, Appellee.

Foreign judgments: ENFORCEMENT.  Where a judgment by confession under a warrant of attorney has been regularly entered in the state where the debtor resided when the power was given, and the judgment is in conformity with the law of that state, it will be enforced in Iowa, even though the law of this state does not authorize the entry of a judgment in the same manner.

Confession of judgment by attorney.  A clause in a note authorizing any attorney to appear for the maker at the suit of the payee and confess judgment, authorized a confession of judgment without the formalities of an ordinary proceeding.

Provision for stay of execution: EFFECT.  The provision in a judgment note that upon a confession of judgment execution should be stayed until a certain date, which was the date of its maturity, did not limit the power to confess judgment to a time prior to that date, but simply indicated an intention that no execution should issue prior to maturity of the debt.

Confession of judgment.  A note providing for a confession of judgment thereon "as of the last week, or any other subsequent term or time after the date thereof" authorized confession of judgment in vacation.

Enforcement of foreign judgment: JURISDICTION. Where a foreign judgment has been duly entered the omission of some detail, as filing with the court the instrument upon which it was based, will not affect its validity in a suit thereon in this state.

Foreign judgments: LIMITATION OF ACTIONS. Although action on a note in this jurisdiction may have been barred prior to the time judgment was rendered thereon in a foreign state, yet if the foreign judgment was regularly entered the fact that the note was so barred here will not defeat an action on such judgment brought in Iowa within twenty years of its rendition.

Foreign judgments: SUFFICIENCY OF RECORD. The record of a foreign judgment by confession which shows appearance, confession, date, principal sum due, amount of costs, date from which interest is to be computed and is officially attested, sufficiently establishes the validity of the judgment.

Confession of judgment by attorney: NON RESIDENCE OF DEBTOR. Where a debtor gave his creditor a note containing authority to any attorney to appear for him and confess judgment thereon, in accordance with the law of the state where the contract was made, such power authorized the entry of judgment after the debtor had become a non-resident, without service of notice or other appearance for him than by the attorney to whom the power was given.

*Appeal from Cass District Court.*— HON. O. D. WHEELER, Judge.

THURSDAY, JANUARY 18, 1906.

The opinion states the case.   *Affirmed.*

*J. B. Rockafellow* and *Follett & Curtis,* for appellant.

*James B. Bruff,* for appellee.

WEAVER, J.— On May 3, 1884, the plaintiff, J. Walter Cuykendall, then residing in the state of Delaware and being indebted to the defendant, Nelson R. Doe, made and delivered to said defendant his promissory note or written promise to pay the sum of $150, with interest, on or before

January 1, 1885. Following said written promise, and as a part of same instrument subscribed by the plaintiff, was the following clause:

And further I do hereby authorize and empower any attorney or prothonotary of any court of record, within the State of Delaware, or elsewhere, to appear for me at the suit of Nelson R. Doe, his executors, administrators or assigns, and thereupon to confess judgment on the above obligation against me to the said Nelson R. Doe, his executors, administrators or assigns, as of the last week, or any other subsequent term or time after the date hereof, with stay of execution until the first day of January, 1885, aforesaid and I do hereby release all and all manner of errors or error in any such judgment, and in the execution to be issued thereon.

Soon after the making of this obligation plaintiff removed from the state of Delaware and at no time since has been a resident therein. He has been a resident of Iowa continuously from the year 1890 to the present. The debt represented by the note has never been paid.

By the statutes of Delaware it is made the duty of the prothonotary or clerk of a court of record, " on application of the obligee, or assignee, of a bond containing a warrant for an attorney at law or other person to confess judgment, to enter judgment against the person who executed the same, for the amount which, from the face, appears to be due, without the agency of an attorney, or declaration filed, and with such stay of execution as may be herein mentioned; particularly mentioned on his docket, the real debt and time from which interest is to be calculated." Laws Del. 1852, page 102, chapter 37, section 5. It is also further provided that: " A judgment, entered by the prothonotary of the superior court upon an obligation, without declaration filed, according to the provisions of section 5, chapter 37, shall have the same force and effect as if a declaration had been filed and judgment confessed by an attorney, or judgment

obtained in open court." Id. page 391, chapter 110, section 13.

On September 25, 1900, one William F. Cansey, an attorney at law, claiming to act under the authority of the warrant of attorney contained in the aforesaid written obligation, confessed judgment thereon in favor of the defendant herein in the Superior Court of Delaware in and for Sussex county. The entry of said judgment of record is in the following form:

196    Nelson R. Doe

vs.

J. Walter Cuykendall.
Note delv'd atty
W. F. Cansey.

Debt $150.

Int. from May 3, 1884.
Atty $2.76.

Pro'y $1.19.

_____

$3.77

Pd. by pltff's atty.

Debt Sine Breve:

And now, to wit, this twenty-fifth day of September in the year of our Lord one thousand and nine hundred, the defendant, J. Walter Cuykendall, appears by Wm. F. Cansey, Esq., his attorney, and confesses judgment to the plaintiff for the sum of one hundred and fifty dollars, lawful money of the state of Delaware, with costs of suit and release of all errors.

Payable January 1, 1885.
Entered at 8:20 o'clock a. m.

Attest: George W. Jones,
Pro'y.

Thereafter, as we gather from the record, Doe began an action at law against Cuykendall in the district court of Cass county, Iowa, to recover upon the judgment aforesaid, but for some reason dismissed it before trial was had. The note upon which the judgment had been confessed having

been brought to this state as a matter of evidence in said proceeding, and being deposited in the hands of the clerk of the trial court, Cuykendall, immediately upon the dismissal of said action, brought this suit in equity, alleging that right of action upon said note and judgment was barred by the statute of limitations, and asking the return of said note, that Doe be enjoined and the note delivered up for cancellation.    To this claim the defendant answered, denying that his right of action was barred by the statute of limitations, and by way of counterclaim alleged the recovery of the judgment in Delaware and demanded recovery thereon.    Replying to the counterclaim, the plaintiff pleaded the statute of limitations, denied the validity and sufficiency of the confession of judgment, and alleged that the Superior Court of Sussex county, Delaware, never had obtained jurisdiction over the plaintiff for the rendition of such judgment.    Upon trial to the court the issues were found in defendant's favor, and judgment rendered against plaintiff on the counterclaim.    The plaintiff appeals.

I.    It is said that, even conceding the validity of the confession of judgment under the laws of Delaware, the proceeding by which such judgment was obtained is so far out of harmony with our own practice and so contrary to the spirit and policy of our own laws that the courts of Iowa will not recognize such a judgment as affording a ground of recovery.    It may be conceded that, while the Constitution of the United States declares that " full faith and credit shall be given in each state to the public arts, records and judicial proceedings, of every other state " (article 4, section 1), it is yet competent for a party, when sued upon a judgment rendered in a foreign state, to impeach its validity for want of jurisdiction in the court rendering it.    *D'Arcy v. Ketchum,* 52 U. S. 165 (13 L. Ed. 648) ; *Thompson v. Whitman,* 85 U. S. 457 (21 L. Ed. 897) ; *Hall v. Lanning,* 91 U. S. 160 (23 L. Ed 271) ; *Pennoyer v. Neff,* 95 U. S. 714 (24 L. Ed. 565).    It is also

1. FOREIGN
   JUDGMENTS:
   enforcement.

true that there may be judgments which are perfectly valid and enforceable in the state where rendered, yet are not entitled to full faith and credit under the constitutional provisions above referred to. *Steel v. Smith*, 7 Watts & S. 447; *Weaver v. Boggs*, 38 Md. 255; *Grover & Baker Sewing Mach. Co. v. Radcliffe*, 66 Md. 511 (8 Atl. Rep. 265); same case on appeal, 137 U. S. 287 (11 Sup. Ct. 92, 34 L. Ed. 670).

But none of the exceptional cases appear to go to the extent contended for by appellant. Confession of judgment under warrant of attorney is a practice which has prevailed in many, if not most, of the older states of the Union from an early day. Wherever the Legislature has recognized such contracts and provided for their enforcement, the courts have universally upheld the validity of the statute. Recognizing the somewhat drastic nature of the proceeding and the possibility of its abuse, the courts are everywhere disposed to construe the power thus given by the debtor very strictly, and to refuse to give force and effect to a confession not made in accordance therewith, but, where the power has not been exceeded and the judgment has been regularly confessed and entered in a court of the state where the debtor resided when the warrant is executed, we find no case where recognition has been denied it in another state. In executing the warrant of attorney authorizing another person to confess judgment in his name, the debtor is held to have in view the laws and practice of the state of which he is a subject, and to consent in advance that the person presenting the warrant may be considered his representative with power to submit to the jurisdiction of the court.

The holding in *Grover & Baker Sewing Mach. Co. v. Radcliffe*, 137 U. S. 287 (11 Sup. Ct. 92, 34 L. Ed. 670), cited and relied upon by the appellant, is not opposed to this doctrine. In that case the obligation and the warrant of attorney were a New York contract, while the obligor whose rights were involved was a citizen of Maryland. By the

warrant the obligor authorized " any attorney of record in
the state of New York, or any other state, to confess judg-
ment " against him.   The holder of the obligation and war-
rant of attorney did not place the instrument in the hands
of an attorney for a confession of judgment, but deposited it
directly with the prothonotary of a court in Pennsylvania,
and judgment was entered thereon without a formal con-
fession by any person.   This departure from the terms of the
warrant was in strict accordance with a statute of the state
of Pennsylvania, and the judgment entered thereon was
without doubt enforceable within its jurisdiction.   When
suit was brought upon such judgment in Maryland against
the obligor residing in that state, the court denied a recov-
ery, holding the judgment to have been rendered without
jurisdiction; and this holding was affirmed in the Supreme
Court of the United States.   Referring to the argument ad-
vanced that, as the statute of the state of Pennsylvania au-
thorizing the prothonotary to enter such judgment without
an appearance and without the intervention of, or confession
by, an attorney, was in force at the date of the contract, it
should be considered as a part of it, the court says:

But we do not think that a citizen of another State than
Pennsylvania can be thus presumptively held to knowledge
and acceptance of particular statutes of the latter State.
What Benge authorized was a confession of judgment by any
attorney of any court of record in the State of New York, or
any other State, and he had a right to insist upon the letter
of the authority there conferred.

In other words, the judgment was held void, not because
the warrant of attorney was invalid, but because its terms had
been disregarded in entering judgment without the prescribed
confession.   This is very far from holding that, had judg-
ment been confessed by an attorney strictly in accord with
the power granted, it would not be entitled to full faith and
credit in each of the states of the Union.   In the case at

bar the contract was made in Delaware by a resident of that state, with a view to the laws and practice there prevailing; and, assuming for the present that the judgment was entered in accordance with such laws and practice upon a confession made in due observance of the terms of the warrant of attorney, we know of nothing in the laws or policy of this state which authorizes us to say the owner of such judgment may not maintain action upon it in this jurisdiction. The fact that the Legislature of this state has prescribed rules governing confessions of judgment, which rules do not include confessions upon warrant of attorney, and that this court has held that a judgment entered upon such a warrant in this state is of no validity (*Hamilton v. Schoenberger*, 47 Iowa, 385), is not controlling upon the question before us. The decision here cited does no more than to hold that, this state having provided a system of procedure and of remedies, that system must be considered exclusive, and parties cannot by contract import into our procedure a practice otherwise unknown to our courts. As sustaining the views expressed in this paragraph, see *Richards v. Barlow,* 140 Mass. 218 (6 N. E. Rep. 68); *Nicholas v. Farwell,* 24 Neb. 180 (38 N. W. Rep. 820); *Kingman v. Paulson,* 126 Ind. 507 (26 N. E. Rep. 393, 22 Am. St. Rep. 611); *Caley v. Morgan,* 114 Ind. 350 (16 N. E. Rep. 790); *Bank v. Garland,* 109 Mich. 515 (67 N. W. Rep. 559, 33 L. R. A. 83, 63 Am. St. Rep. 597); *Sipes v. Whitney,* 30 Ohio St. 69); *Ritter v. Hoffman,* 35 Kan. 215 (10 Pac. Rep. 576); Freeman on Judgments (4th Ed.) section 558a. Indeed the validity of judgments confessed under warrant of attorney, and the sufficiency of the jurisdiction of courts to render the same in states where such practice is allowed, seem to have been fully recognized and affirmed by this court in *Crafts v. Clark,* 38 Iowa, 237.

II. It is next urged that the confession of judgment is not in strict pursuance of the power granted by the warrant of attorney. The provision of the warrant is that the at-

torney may appear for the debtor at the suit of Nelson R. Doe and confess judgment in his favor, and counsel interpret this as giving authority for such appearance and confession, only after an action has been begun upon the obligation by the payee or holder thereof. We do not so read the contract. A confession of judgment, as that expression is ordinarily employed, means the entry of a judgment upon the admission or confession of the debtor without the formality, time, or expense involved in an ordinary proceeding. Moreover, when such a warrant is presented to an attorney with direction or demand that judgment be confessed thereon, the acceptance of the same is, within the meaning of the warrant, an " appearance at the suit of the holder," and his confession, if otherwise regular, is binding upon the debtor.

**2. CONFESSION OF JUDGMENT BY ATTORNEY.**

It is further alleged that, by the provision of the warrant providing for a stay of execution to January 1, 1885, an implication arises that the power to confess judgment must be exercised, if at all, before the date named. It will be observed that the promissory note in question did not become due until January 1, 1885, and we are disposed to hold that the provision for stay of execution to that date indicates no more than an agreement or stipulation between the parties that, if judgment were confessed before the maturity of the note, as is the well-known practice in states where confessions are allowed ('Crafts v. Clark, *supra*), no execution should issue before the debt thus evidenced became due. From this no implication can fairly be extracted that the power must be exercised before the note becomes due, or not at all.

**3. PROVISION FOR STAY OF EXECUTION: effect.**

Neither is the objection to the judgment because entered in vacation well taken. We are cited in this connection to *Roundy v. Hunt,* 24 Ill. 598, and other Illinois cases, but neither of these cases is directly in point, and they seem to turn upon the effect of the statutes of that state. In the case before us it is

**4. CONFESSION OF JUDGMENT.**

shown affirmatively, and without dispute, that the judgment was entered in conformity with the statutes of Delaware and the recognized practice of its courts. The warrant of attorney is very broad and authorizes the making of the confession " as of the last week, or any other subsequent term or time after the date hereof." We hold therefore that the confession in vacation was expressly authorized. Richards v. Barlow, *supra*.

Finally, upon this branch of discussion, it is urged that the judgment should be held invalid because the note and warrant of attorney were not placed and kept on file in the court where the judgment was entered. But

5. ENFORCEMENT OF FOREIGN JUDGMENT: jurisdiction.

this is a mere detail of practice, the omission of which cannot in our opinion affect the validity of the judgment, if otherwise duly entered. See *Bank v. Mills*, 115 N. C. 507 (20 S. E. Rep. 765). However desirable it may be that these matters of evidence should be made and preserved of record, failure to do so has no effect to show want of jurisdiction in the court to enter the judgment.

III. The proposition advanced by appellant that the attorney assuming to confess judgment had no authority to waive the statute of limitations is sound. *Walrod v. Mason,* 23 Wis. 393 (99 Am. Dec. 187); *Kahn v.*

6. FOREIGN JUDGMENTS: limitation of actions.

*Lesser,* 97 Wis. 217 (72 N. W. Rep. 739). But there is no room for the application of that doctrine to this case. While it is true that action on the note was fully barred in this state before the judgment was entered thereon in Delaware, it also appears that, upon written promises to pay, accompanied by a warrant of attorney such as was executed by the appellant, action may be brought in the latter state at any time within twenty years from the date of maturity. Such being the fact, the further fact that the action on the note was barred in this state would not operate to abbreviate the period of limitation in the state where the contract was made, and, the

judgment against the appellant having been confessed and entered there within less than twenty years prior to the commencement of this action, the plea of the statute of limitations was not then, and is not now, available to the judgment debtor.

· IV.   Of the record entry of the judgment, we may say that it is very brief and informal, but shows with clearness the appearance by attorney, the confession by him of judgment, the date thereof, the principal sum for

7. FOREIGN JUDGMENTS: sufficiency of record.

which appellant was indebted, the amount of costs, and the date from which interest was to be computed; and the entry is attested by the official signature of the prothonotary.   This we regard sufficient.   At least it is not so wanting in form or substance that we can properly hold it of no validity as a judgment.

V.   The jurisdiction of the Delaware court to enter the judgment is challenged, because at the time of its entry appellant had ceased to be a resident of that state, and because

8. CONFESSION OF JUDGMENT BY ATTORNEY: nonresidence of debtor.

no notice or summons of any kind was served upon him, and there was no appearance to the proceeding by him or by any one in his behalf, except the appearance by Cansey under the warrant contained in the note.   If the warrant of attorney was of any force or effect when made, it can hardly be seriously argued that appellant could render it void and valueless by the simple expedient of leaving the state.   The statement of the proposition is its own refutation.   The very purpose which the law for confession of judgment under warrant of attorney was designed to effect was to enable the creditor to obtain judgment without delay, trouble, and expense attendant upon bringing the debtor into court by formal action and service of process.

As we have seen, the statute under which appellant's contract was made explicitly provides that, when an attorney appears under the authority of the warrant for the purpose of confessing judgment, the party giving the authority

for such appearance shall be held to be in court, and personal judgment may be entered against him without any declaration filed, and the judgment shall have the same effect as if entered in open court. None can deny, we think, that a debtor may employ an attorney and authorize him, in case action is brought by a creditor, to appear in his behalf and consent to the entry of judgment against him. It is equally certain that, if such authority is not revoked and the creditor brings suit within the statute of limitations, a judgment entered upon the appearance and by the consent of the attorney so authorized will be a binding personal judgment against the debtor, though he reside in another state and has been served with no notice or process of any kind to bring him within the jurisdiction of the court where the action is pending. It is going but a step farther to say that a debtor may put in the hands of the creditor himself written authority to any practicing attorney in whose hands the writing may be placed, to appear in his behalf and confess judgment upon a debt upon which he concedes his liability; and, where such practice is authorized by the laws of a state, we can conceive of no reason for saying that the person thus represented by one holding his written authority so to appear in his behalf is not in court, or that a personal judgment thus procured is not valid and enforceable and entitled to recognition in every jurisdiction of the Union. Such as we have already indicated, is the uniform holding of the courts. *Van Norman v. Gordon,* 172 Mass. 576 (53 N. E. Rep. 267, 44 L. R. A. 840, 70 Am. St. Rep. 304); *Teel v. Yost,* 128 N. Y. 387 (28 N. E. Rep. 353, 13 L. R. A. 796); *Bank v. Garland,* 109 Mich. 515 (67 N. W. Rep. 559, 33 L. R. A. 83, 63 Am. St. Rep. 597); *Pirie v. Stern,* 97 Wis. 150 (72 N. W. Rep. 370, 65 Am. St. Rep. 103); *Patterson v. Indiana,* 2 G. Greene, 492; *Crim v. Crim,* 162 Mo. 558 (63 S. W. Rep. 489, 54 L. R. A. 502, 85 Am. St. Rep. 521).

Counsel cite us to section 14, page 391, of chapter 110, Laws Del. 1852, which provides that an attorney confessing

judgment in certain cases shall give written direction to the officer, showing the debt and the time from which interest is to be reckoned, which statement or items shall be entered upon the docket.   On reading the section referred to, it appears to be made applicable only to cases where confession is made upon a contract providing for a penalty, and not to an ordinary note or other instrument by the terms of which the amount of the debt is liquidated.   The further contention that the judgment here appealed from is excessive is groundless.   It seems to be the practice in Delaware not to compute interest to the date of the judgment entry, but to find and enter judgment for the principal debt with a notation of the date from which interest is to be allowed, and such was the entry in the judgment in controversy.   There was no error therefore in assessing both principal and interest against the appellant in an action brought to recover the judgment debt.

It follows from what we have said that the decree entered by the trial court is correct and it must be *affirmed*.