BRECKINRIDGE V. BROWN, *et ux.*

1. CHANGE OF VENUE. In an action for judgment on a note payable in the county in which suit was brought, and for the foreclosure of a mortgage to secure the same, on property situated in another county; *Held,*

Breckinridge v. Brown, et ux.

1. That the venue could not be changed to the county in which the mortgaged premises were situated, until after the plaintiff had elected to proceed for a foreclosure alone.

2. That it was not erroneous to permit plaintiff to discontinue as to the foreclosure, and to render judgment on the note.

2. SANDS v. WOOD, EXPLAINED. It was not intended by this court, in *Sands* v. *Wood*, 1 Iowa 363, to intimate that the petitioner for the foreclosure of a mortgage, could not in the same action pray for a decree for the foreclosure of the mortgage, and for the amount of the mortgage debt.

3. *Kramer* v. *Rebman*, *ante*, cited and followed.

*Appeal from Linn District Court.*

SATURDAY, OCTOBER 22.

*Henry & McCarn*, for the appellants.

*Preston*, for the appellee.

WOODWARD, J.—The petitioner held a promissory note for $700, signed by the defendant, Brown, alone, payable at the banking house of Greene, Weare & Graves, in Marion, Linn county, Iowa; and she also held a mortgage executed by Brown and his wife, upon lands in Jones county, to secure the payment of the note. She filed a petition in the District Court of Linn county, in two counts, praying in one of them a judgment on the note, and in the other a foreclosure of the mortgage, and a sale of the land. .

The action was commenced on the 13th day of March, 1858, and on the 6th day of April following, at the April term, the defendant moved a change of venue to Jones county, because the petition prayed a foreclosure of a mortgage upon lands in Jones, and because the defendants resided in that county. On the 8th of April this motion was overruled, and the defendants took their bill of exceptions, and appeared no further in the action. On the 17th of April, on the plaintiff's motion, she was permitted to dismiss that part of the petition which related to the mortgage and prayed its foreclosure, that is, the second count, and the defendant

Brown was called, and not answering, judgment by default was rendered against him.

It will be observed that the note was payable, and therefore suable, in Linn county, whilst a suit for the foreclosure of the mortgage, *might*, at least, be brought in Jones. Passing the questions upon the petition, as to whether it is in law or equity, and the two causes of action set forth, with a reference to the case of *Kramer* v. *Rebman*, *ante*, we think there was no error in overruling the motion for a change of venue. Both causes of action did not belong to Jones county, any more than to Linn, even admitting that the second belonged to Jones. The motion should have been that the plaintiff elect upon which to proceed, and if she elected the bill to foreclose, a motion for a change would have been proper. The court could not send both to Jones.

The above motion was not of such a nature as to warrant the defendant in standing upon it and abandoning the cause. He did this at his peril. The motion being overruled, the plaintiff was at liberty to answer her petition by dismissing one portion of it, and thus obviating an objection; and then under the ruling of the court, the defendant should have answered, and not doing this, he was in default. It is true that defendant had a right, as he urges, to stand upon his motion, but the effect is that this not being sustained, he is left in default. Although the record is entitled as in chancery, yet the petition possesses no characteristic of one in equity, and as the petition to foreclose should be in equity, by striking out this portion, the plaintiff restored it to the simple character of a petition at law upon the note.

To guard against misapprehension by any erroneous inference from the above remarks, we desire to state that this was not a common petition upon a mortgage and asking a decree for the amount of the debt, but distinctly one containing one count on the note, and one on the mortgage for foreclosure.

It is understood by the writer (but not until recently) that the case of *Sands* v. *Wood*, 1 Iowa 363, has been misapprehended. It was not intended to intimate, in that case, that

the petitioner for foreclosure could not pray a decree for the amount of his debt. This was always done, and it is a matter of necessity, so that we did not suppose the point was left doubtful. But the difficulty in the case was, that whilst the petition was right, regarding Thompson *alone,* yet Wood was made a defendant, too, and he was only an indorser, and had no connection with the mortgage, and could be sued only at law; so that the petition embraced two legal causes of action; one against Thompson alone on the mortgage, and the other against Wood, as indorser on the note, which could be at law, only, or more properly, the latter was against Thompson *and* Wood as maker and endorser of the note. This was the ground of the remark there made upon the subject of the confusion of causes of action.

In the case at bar, another objection to the plaintiff's judgment is presented in the act relating to appearance terms. (Laws 1858, p. 249.) This act took effect before the plaintiff amended and took judgment. We do not give such a construction to this act that all causes were to be continued, as, of course, at the first term, but the defendant should signify, in some manner, his desire to avail himself of the statute provision, as by a motion to continue, or for time to answer, or the like. This defendant did nothing, and the cause stood as on default.

The judgment is affirmed.