12   521
106   521

## FINNAGAN v. MANCHESTER *et ux.*

1. VENUE: FORECLOSURE. Under the Code of 1851, a proceeding to foreclose a mortgage and for a general judgment against the mortgagor might be properly instituted in the county in which the mortgaged premises were situated or in that in which the mortgagor resided.

2. JUDGMENT: NAMING PARTY. Where an order for the recovery of money was against one of two defendants, without name, but the particular party referred to was manifest from the entire language of the record and decree, it was held sufficiently specific.

*Appeal from Greene District Court.*

THURSDAY, DECEMBER 27.

FORECLOSURE of a mortgage, commenced in July, 1860. Complainant asks a foreclosure of the equity of redemption of the mortgagors, and a judgment and execution against the maker of the note, (Richard Manchester,) for any balance unpaid after the sale of the mortgaged premises. Respondents reside in Webster county, the land is in Greene. They appeared, and moved a change of venue to Webster, which was refused; decree of foreclosure prayed, and respondents appeal.

*Casady & Polk* for the appellant.

*V. B. Crooks* for the appellee.

WRIGHT, J.—There is nothing in the case of *Breckenridge* v. *Brown et ux.*, 9 Iowa 396, or *Cole* v. *Conner*, 10 Ib. 399, to sustain appellant's position. On the contrary, as we understand and read those cases, the action might have been commenced in either county.

The order for the recovery of the money is against *one* of the defendants, without name. It is most manifest, however, from the whole record and the entire language of the decree, that it can only refer to the husband, (Richard.) The objection, therefore, to this part of the order is overruled.

Affirmed, with 2 per cent damages.