WILLIAM T. ADAMS, plaintiff in error, *vs.* JOHN H. WALKER, defendant in error.

A judgment rendered by the court for a definite amount should not be set aside because it fails to state that it is for the plaintiff against the defendant, where the declaration sets forth a cause of action and the parties thereto.

Judgments., Practice in the Superior Court. Before Judge CLARK. Sumter Superior Court. April Term, 1877.

Reported in the decision.

J. R. McCLESKY; J. A. ANSLEY; B. P. HOLLIS, for plaintiff in error.

W. A. HAWKINS, for defendant.

WARNER, Chief Justice.

This was a motion to set aside a judgment, which motion the court overruled, and the defendant excepted. It appears from the record and bill of exceptions, that at the April adjourned term of Sumter superior court, the following judgment was entered upon a declaration regularly filed and pending in said court: " There being no issuable plea filed in *this case* on oath, judgment is rendered by the court for two hundred and ninety-seven dollars and ninety-nine cents, principal, with the sum of ninety dollars and thirty cents for interest to date, and the sum of ——— dollars and———cents for costs. April adjourned term, 1872. June, 1872. J. M. Clark, J. S. C., S. W. C."

The objection to the judgment insisted on here is, that it does not recite that it is rendered for the plaintiff against the defendant, but the declaration in which the note and the amount due thereon is correctly set forth, was before the court when it refused the motion to set aside the judgment. That is certain which can be made certain. By reference to the de-

claration upon which the judgment was entered, and which constituted a part of the proceedings in the case, it could be readily ascertained who was the plaintiff and who was the defendant, and the judgment was entered up in favor of the plaintiff against the defendant in that case; therefore there was no error in refusing to set aside the judgment.

Let the judgment of the court below be affirmed.