J. H. McCARTEY ET AL. *v.* KITTRELL & PURNELL.

JUDGMENT. *Form and entry. Names of parties.*
  A judgment is operative against all of the parties to the action even where the· names are incorrectly given in the judgment, or are altogether omitted from it; and who are parties is to be determined from all of the pleadings, process,. and proceedings in the case.

ERROR to the Circuit Court of Choctaw County.

Hon. WILLIAM COTHRAN, Judge.

A statement of the case appears in the opinion of the court..

*J. B. H. Hemingway,* for the plaintiff in error.

1. It was error in the Circuit Court to proceed to judgment, because the action was instituted in the partnership name of the plaintiffs. Parties cannot sue or be sued in their partner-- ship name. *Blackwell* v. *Reid & Co.,* 41 Miss. 102.

When the action is brought in the Circuit Court, the objection may be raised by the defendant on demurrer to the plaint-- iff's declaration. But in a justice's court the plaintiff's claim is made by " lodging with the justice the evidence of debt," and having a summons issued. The pleadings on the part of the defendant, except when he has a claim or demand against the plaintiff, are oral, and he can plead payment, statute of limitations, or any other matter orally, and make any defense of law or fact without written pleadings.. Therefore the failure of the plaintiffs in error to file a written.

·demurrer does not prevent this court from reversing the judgment. A defendant in a justice's court, or in the Circuit Court ·on appeal, is not required to make his demurrer matter of :record, and is not affected by section 622 of the Code of 1871.

2. The judgment is irregular and voidable because it does not describe the parties plaintiff with sufficient certainty. _Rhea_ v. _Rawlings_, 3 Cranch C. Ct. 256. In that case a judgment in favor of "Rawlings & Son" was held to be bad. ,See, also, _Barney_ v. _The Corporation_, 1 Cranch C. Ct. 248 ; _Ordinary_ v. _McClure_, 1 Bailey, 7 ; _Stowers_ v. _Milledge_, 1 ɪowa, 150 ; _Barrett_ v. _Gornigan_, 16 Iowa, 47 ; _Church_ v. _Crossman_, 41 Iowa, 373 ; _Tombeckbee Bank_ v. _Strong's Executors_, 1 Stew. & P. 187.

A judgment cannot be pleaded as a bar to a second recovery unless there be an identity of parties. Freem. on Judg., sec. 252. There can be no estoppel by judgment unless both parties can be bound thereby. Its operation must be mutual. _Ib._, sec. 159. If the defendants below had recovered judgment on their off-set against "Kittrell & Purnell," the latter would not have been bound thereby, and the plaintiffs below ·cannot be benefited by any judgment which would not have bound them if it had gone against them.

For these errors the judgment should be reversed.

_R. F. Holloway_, for the defendant in error, submitted the ·case, but filed no brief.

CHALMERS, J., delivered the opinion of the court.

The only error assigned is that in the judgment of the Circuit Court there was a failure to recite the names of the individual members composing the firm of Kittrell & Purnell, in whose favor the judgment was rendered. The case originated in the Magistrate's Court, and there were no written pleadings ; but in the judgment in the Magistrate's Court the individual names of the members of the firm were given. They were given, also, in the affidavit for appeal in the appeal bond, and in the magistrate's certificate to the transcript sent up to the

Circuit Court. There was no objection made in the Circuit Court, nor any suggestion that the names thus given were not the true names of the plaintiffs. A judgment is operative for or against all who are really parties to the suit, though their names be incorrectly given or wholly omitted from it. Who are parties is to be determined by all the pleadings, process, and proceedings in the case. *Wilson* v. *Nance*, 11 Humph. 189.

Judgment affirmed.