(4 Misc. Rep. 536.)

HECHT v. MOTHNER.

(Common Pleas of New York City and County, General Term. August 9, 1893.)

1. RES JUDICATA—RECORD OF FORMER JUDGMENT—SUFFICIENCY.
    In an action to recover the value of work performed by plaintiff's assignor on certain articles of clothing, defendant introduced in evidence the judgment roll of an action of claim and delivery for the articles, wherein defendant was plaintiff and plaintiff's assignor defendant, but which in terms only purported to be a "judgment for the plaintiff" named therein, "and $22.50 costs," without stating that it was against the defendant therein, or that he either appeared or was served with summons. *Held,* that this was insufficient to sustain a defense of former adjudication or a counterclaim for the amount of such costs.

2. JUSTICE OF DISTRICT COURT—POWERS.
    A justice of the district court of New York city may enter judgment on a verdict which he has previously assumed to set aside, since such justice has no authority to set aside a verdict.

Appeal from fourth district court.

Action by William Hecht against Minnie Mothner. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

A. H. Berrick, for appellant.

A. H. Sarasohn, for respondent.

BISCHOFF, J.　Plaintiff sued as assignee of one Wolf Greenberg to recover the sum of $80.30, the agreed value of certain work, labor, and services performed by the latter upon a number of coats at defendant's request, and sufficient evidence was adduced on the trial to support the cause of action.　Among the defenses was that, by former adjudication between Greenberg, plaintiff's assignor, and defendant, in an action for the claim and delivery of of the same coats, it was determined that Greenberg was entitled to no more than $45.50 for such services, which sum, it was claimed, had been tendered him before the commencement of this action. It was also contended for defendant that in the replevin action she recovered judgment against Greenberg for $22.50 costs, and that amount she sought to have allowed her out of any recovery by the plaintiff in this action.　In support of the defense of former adjudication and of the counterclaim, defendant introduced in evidence what purported to be a judgment roll of the ninth district court in the city of New York, in an action wherein Minnie Mothner, the defendant herein, was plaintiff, and said Wolf Greenberg and one Abraham Petzkey were named as defendants.　That record, however, did not in terms purport to be more than a "judgment for the plaintiff" named therein "for return of the coats and $22.50 costs."　It did not state specifically that it is a judgment against the persons named as defendants, or either of them; nor did it appear therefrom that Greenberg either appeared or was served with the summons in the action.　It is impossible, therefore, to ascertain from an inspection of the record that judgment was awarded against Greenberg, plaintiff's assignor, or that Greenberg was concluded by it.　Defendant's attorney, who was also plaintiff's attorney in the replevin action, testified as a witness for the defendant herein that Greenberg had appeared by attorney and as a witness in the replevin action, and had contested the right of the plaintiff therein to recover.　He also testified to the substance of the issues litigated in the replevin action.　Assuming now that the facts are as testified to by defendant's attorney, they show, at most, that the justice, at the time of the trial of the replevin action, could have rendered an effectual judgment against Greenberg, not, however, that he did render judgment against him; hence the record remained ineffectual for the purposes for which it was offered.　Matter dehors the record is not competent to show that the record is a judgment for or against a particular person.　1 Black, Judgm. § 116 et seq.; Collins v. Hyslop, 11 Ala. 508; Finnagan v. Manchester, 12 Iowa, 521; McCartey v. Kittrell, 55 Miss. 253; Smith v. Chenault, 48 Tex. 455; Hays v. Yarborough, 21 Tex. 487; Little v. Birdwell, 27 Tex. 688; Wilson v. Nance, 11 Humph. 189.　The fact must be ascertainable from the record itself.

This action was tried May 12, 1893, and on the same day the

jury returned a verdict for plaintiff, and the justice, mistaking his
authority, undertook to set the verdict aside, and refused to enter
judgment for the plaintiff thereon.    That he had no authority to
set the verdict aside was lately determined in Schwartz v. Wech-
ler, (Com. Pl. N. Y.) 20 N. Y. Supp. 861; and, upon discovery of
the error, the justice, three days later, entered judgment for plain-
tiff on the verdict.    Nor do we perceive that the justice was wrong
in so doing.    With the rendition of the verdict, the justice's ju-
dicial discretion, so far as the particular case was concerned,
ceased and was at an end.    The entry of judgment on the ver-
dict did not rest in his discretion.    It was wholly a ministerial
act, to the performance of which plaintiff had an absolute right,
enforceable by mandamus against the justice.    Section 1380 of
the consolidation act (chapter 410, Laws 1882) provides, concern-
ing district courts in the city of New York, that judgment must be
entered on the verdict immediately after its rendition.    This provi-
sion is, however, directory only, (Suth. St. Const. § 446 et seq.;)
and the justice's refusal or delay to enter judgment in plaintiff's
favor on the verdict could not have the effect of depriving plain-
tiff of the benefit of the verdict, nor of his right to the entry of
such judgment.    The transfer of the legal title to Greenberg's
claim against defendant was sufficient to enable the plaintiff to
maintain the action, and to recover thereon, though the assignor
expected to share in the recovery.    Sheridan v. Mayor, 68 N. Y. 30.
The judgment should be affirmed, with costs.