(23 Misc. Rep. 459.)

WALCOTT v. HILMAN.

(Supreme Court, Appellate Term. May 3, 1898.)

ASSIGNMENT OF CAUSE OF ACTION—PARTIES.

If an assignment of a cause of action is sufficient to effect a legal transfer thereof, as between the assignor and the assignee, it is sufficient to constitute the latter the real party in interest, for the purpose of maintaining the action, and the fact that the assignor expects to receive from the plaintiff the amount of any recovery furnishes no ground for a dismissal of the complaint.

Appeal from Eighth district court.

Action by Merritt D. Walcott against Frank Hilman. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

H. B. Bradbury, for appellant.

BEEKMAN, P. J. The justice below dismissed the complaint solely on the ground, as stated by him, "that the assignment, as sworn to by witness, shows collusion with assignee"; plaintiff's assignor having testified that he expected to receive from the plaintiff the amount of any recovery that might be obtained in the action. This was error, for which the judgment must be reversed. As between the assignor and the assignee, there was a legal transfer of the cause of action; and this was sufficient to make the plaintiff the real party in interest, for the purpose of maintaining the action. The question has been well settled by authority, and requires no further discussion from us. Sheridan v. Mayor, etc., 68 N. Y. 30, 32; Hecht v. Mothner, 4 Misc. Rep. 536, 24 N. Y. Supp. 826; Curran v. Weiss, 6 Misc. Rep. 138, 139, 26 N. Y. Supp. 8.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.