Cleveland, Cincinnati, Chicago & St. Louis Railway Company v. John E. Surrells.

1. FELLOW-SERVANT RULE—*when does not apply.* The general fellow-servant rule does not apply in certain cases, as, for instance, where a servant is ordered to do work outside of his regular employment; also, where the negligence of a superior servant, in the exercise of his authority, contributes to the injury.

2. FELLOW-SERVANTS—*how question as to who are, determined.*

Whether or not under given circumstances servants of a common master are fellow-servants within the legal signification of the term, is a question of fact for the determination of a jury, except where, upon conceded facts or conclusive or uncontradicted evidence, the court can say that all reasonably intelligent minds must arrive at the same conclusion, when the question becomes one of law. But if different minds may honestly draw different conclusions from the proved facts and legitimate inferences to be drawn therefrom, the case is to be submitted to the jury for their determination as a question of fact. Even where the facts are wholly undisputed, the conclusion whether the relationship of fellow-servants exists, may, and in most cases does still remain one in regard to which the court cannot say that all reasonably intelligent minds might not honestly draw different conclusions from such facts.

3. Instruction—*when failure to refer to declaration is not error.* An instruction in an action on the case for personal injuries which makes no reference to the negligence charged in the declaration, will not reverse where the jury could not have understood that any other negligence was referred to in the instruction than that charged in the declaration.

4. Judgment—*when clerical error in, will not reverse.* The fact that the judgment in a case is entered in favor of the true plaintiff by a christian name other than his own, is immaterial and will not work a reversal.

Action on the case for personal injuries. Appeal from the Circuit Court of Crawford County; the Hon. Edmund D. Youngblood, Judge, presiding. Heard in this court at the August term, 1903, and held under advisement to August term, 1904. Affirmed. Opinion filed September 9, 1904.

C. S. Conger, for appellant.

Parker & Newlin and Bradbury & MacHatton, for appellee.

Per Curiam.

This was an action in the Circuit Court of Crawford County, by appellee against appellant, to recover for personal injury sustained by appellee while in the service of appellant. Trial by jury. Verdict and judgment in favor of appellee for $1,500.

Counsel for appellant urges as ground for reversal, that the trial court erred in refusing to direct a verdict for appellant; in giving the third instruction given on behalf of

appellee; in refusing to give the sixteenth instruction asked on behalf of appellant; and that the judgment entered is not in the name of appellee, but in the name of a stranger to the record.

The evidence tends to prove that on, and for three or four years prior to January 15, 1901, appellee was and had been engaged in the service of appellant as a section foreman on a section of its road; that one M. V. Hinds was supervisor of tracks for appellant, and as such it was his duty to exercise supervision over the track and trackmen, and he had at his command and under his control all the section foremen, section hands and material and appliances for keeping the track in his division in repair, with full power to hire and discharge men, and it was the duty of all trackmen in his division to obey his orders; that the division under Hinds' control included fifteen or more sections, and the track force in each section consisted of about two men besides the section foreman; that as one of the appliances in use in the discharge of his duties, Hinds had in his charge and under his control " an extra work train," and a train crew consisting of a conductor, engineer, fireman and two brakemen; that it was not in the line of the ordinary and usual employment or duty of appellee or of any of the section men to serve in any capacity in connection with this extra work train, and that neither appellee nor the men under him had ever done so before the occasion of appellee's injury; that on this occasion Hinds ordered all the section men along the road between Mt. Carmel and Robinson, including appellee, to be on the south end of their respective sections to meet the extra work train to assist in unloading ties; that this order included about fifteen gangs of men all told; that the men responded to the order, and at the time of the injury there was with the train about seven gangs, among them appellee and his two section men; that as the work progressed it was the duty of Hinds to give it his personal attention, and to designate the places the ties were to be unloaded; to notify the train crew to stop the train at such places, and when a sufficient number

had been unloaded, to direct the movement of the train to the next place, and that he negligently failed to perform these duties; that in the course of unloading the ties, two of them fell under the car, and in pursuance of his duty, appellee commenced to take them out, and while in the act of doing so, without notice or warning, the train was suddenly started, causing the injury complained of; that at the time of such injury, appellee was in the exercise of due care and caution for his own safety.

Counsel argues in support of his contention that the court erred in denying his motion to direct a verdict in favor of appellant, upon the proposition that the moving of the train was the act of the engineer, and that appellee and the engineer were fellow-servants *per se*, and upon the further proposition that appellee was guilty *per se* of contributory negligence. To establish the first proposition, counsel states the general rule—"All servants of the same master, directly cooperating with each other in the particular business in hand, are fellow-servants," and cites the leading Illinois cases applying the rule, particularly relying upon Abend v. T. H. & I. R. R. Co., 111 Ill. 202. The general rule does not apply in certain cases where a servant is ordered to do work outside his regular employment, nor where the negligence of a superior servant in the exercise of his authority contributes to the injury. Lalor v. C., B. & Q. R. R. Co., 52 Ill. 401; Consolidated Coal Co. v. Haenni, 48 Ill. App. 115, affirmed by the Supreme Court, 146 Ill. 614. In this case the court says: "Where a servant is ordered by the master to do work outside of his regular employment, and which is different in character from that embraced in his regular contract of hiring, and brings him into association with a different class of employees, he does not, by obeying such orders, necessarily thereby assume the risks or hazards incident to the new work." L., E. & St. L. R. R. Co. v. Hawthorn, 147 Ill. 226; M. & O. R. R. Co. v. Massey, 152 Ill. 144. In this case the court discusses Abend v. T. H. & I. R. R. Co., 111 Ill. 202, relied on by appellant, and in effect overrules it, saying: "We do not think that this

case can be given the effect of establishing a rule contrary to that laid down in the other cases above cited.". It is not always enough to constitute them fellow-servants, within the meaning of the fellow-servant rule as applied in this state, that they be servants of the same master and at the time be engaged in the performance of a particular piece of work. "Whether or not, under given circumstances, different servants of a common master are fellow-servants within the legal signification of the term, is a question of fact for the determination of a jury, except where, upon conceded facts or conclusive or uncontradicted evidence, the court can say that all reasonably intelligent minds must arrive at the same conclusion, when the question becomes one of law. But if different minds may honestly draw different conclusions from the proved facts, and legitimate inference to be drawn from them, the case is to be submitted to the jury for their determination as a question of fact." Chicago City Ry. Co. v. Leach, 80 Ill. App. 354; I. C. R. R. Co. v. Jones, 97 Ill. App. 131; Illinois Southern Ry. Co. v. Marshall, 210 Ill. 562. Even where the facts are wholly undisputed, the conclusion whether the relationship of fellow-servant exists may, and in most cases does still remain one in regard to which the court cannot say that all reasonably intelligent minds might not honestly draw different conclusions from such facts. We are of opinion that the issue as to whether appellee and the engineer were fellow-servants, was properly submitted to the jury.

There is another feature of the case worthy of some consideration in this connection. The evidence tends to prove that Hinds, the supervisor of tracks, was in full charge and control of the train, the method and detail of the work and of all the men; and that it was his duty to designate the places where the ties were to be unloaded and to notify the train crew when and where to start and stop the train, and to give or cause to be given timely warning of its movements, to the section men engaged in unloading the ties. At the time of the injury, although present, he was paying no attention to the work. The jury was abundantly war-

ranted in finding from the evidence that both the engineer and the supervisor of tracks were guilty of negligence; that such negligence was the proximate cause of the injury complained of, and that appellee was not a fellow-servant of either.

Just prior to the time the injury occurred, the train had stopped and appellee and his men had gone up on a car for the purpose of unloading ties. As the work progressed two of the ties fell under the car and appellee got down to take them out. While he was in the act of removing them, the train suddenly, and as the evidence tends to prove, without notice or warning, backed, whereby he was injured as charged in his declaration. There is nothing in the evidence that to our minds tends to prove that appellee was guilty of contributory negligence in attempting to remove the ties that had fallen under the car.

We are of opinion the court did not err in refusing to direct a verdict in favor of appellant.

Complaint is made of the giving of the third instruction given on behalf of appellee, and of the refusal to give the sixteenth instruction asked on behalf of appellant. The objection urged against the instruction given is, that it makes no reference to the negligence charged in the declaration. We think under the state of evidence disclosed in the record, the instruction is not fairly subject to the criticism made. The jury could not have understood any other negligence was referred to in the instruction than that charged in the declaration.

The refused instruction, if given, would have told the jury that the second, third, fourth, and fifth counts of the declaration charge that the injury to plaintiff was caused by the negligence of Hinds, the supervisor of tracks, and that there was no evidence to sustain these counts, and that as to such counts the jury should find for the defendant This instruction was not warranted by the state of the evidence, and was properly refused. As above stated, we think there is evidence in the record tending to prove negligence on the part of Hinds.

Finally, counsel insists that the judgment in this case must be reversed for the reason that it appears to have been entered in the court below in the name of James E. Surrells, instead of John E. Surrells, the true name of plaintiff. The judgment provides that, " the said plaintiff, James E. Surrells, have and recover of and from the said defendant," etc. It was the plaintiff in the suit below who recovered the judgment and the inserting of the name James instead of John, in the judgment, was evidently a clerical error. The appeal bond filed by appellant runs to John E. Surrells and recites that the judgment was rendered in favor of that person. For the purposes of this appeal, therefore, we must consider the judgment as one in favor of the true plaintiff below, the appellee here.

The judgment of the Circuit Court is affirmed.

*Affirmed.*