## SMITH v. COMMISSIONER OF INTERNAL REVENUE.

### No. 3494.

Circuit Court of Appeals, Fourth Circuit.

Oct. 3, 1933.

Leland T. Atherton, of New York City (Chadbourne, Hunt, Jaeckel & Brown, of New York City, on the brief), for petitioner.

J. P. Jackson, Sp. Asst. to Atty. Gen. (Sewall Key, Sp. Asst. to Atty. Gen., and E. Barrett Prettyman, Gen. Counsel, Bureau of Internal Revenue, and W. Frank Gibbs, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before PARKER and NORTHCOTT, Circuit Judges, and GLENN, District Judge.

NORTHCOTT, Circuit Judge.

This is a petition to review a decision of the United States Board of Tax Appeals, involving income tax assessed against the estate of Richard H. Lynch, for the year 1927, in the amount of $13,232.56. The findings of fact and opinion of the Board of Tax Appeals are reported in 26 B. T. A. 778. The facts as found by the Board are as follows:

"Richard H. Lynch was a special, or limited, partner in the brokerage firm of Merrill, Lynch & Company. He kept his accounts and filed his income-tax returns on the cash receipts and disbursements basis for the calendar year. The partnership kept its accounts on the accrual basis. Its taxable year was the calendar year.

"The partnership was organized under the laws of the State of New York. The articles of agreement provided that upon the decease of either of two general partners the firm should be dissolved. The agreement also provided, among other things, that:

"Tenth: All profits of the business of the partnership shall be ascertained on December 31, 1927, and on December 31, 1928, from the books of account of the firm and, after charging all expenses, all bad and doubtful assets and all losses, such profits when so ascertained shall be divided among the partners and be paid to them in the following proportions. * * *

"Sixteenth: The decease of any one or more of the special partners during the term

of this agreement shall not dissolve the limited partnership, but the same shall be continued by the survivors upon the consent of the personal representatives of such deceased special partner or partners who shall thereupon succeed to the partnership rights of such deceased special partner or partners. * * *

"Eighteenth: The interest of any deceased or retiring partner shall be fixed and determined as of 12 o'clock noon of the date of his decease or retirement. * * *

"Lynch died on November 11, 1927. Under the articles of partnership there was no dissolution of the firm or any liquidating distribution of the partnership assets as a result of his death. His estate succeeded him as a special partner in the firm.

"The partnership accounts were closed as of December 31, 1927, after that date. Not until then was decedent's full share in the firm's distributable net income determined. His share, apportioned for the number of days preceding his death in 1927, amounted to $65,858.15. That sum included interest upon decedent's contribution to the firm's capital in the amount of $5,183.33. The interest was credited to decedent's account on the partnership books at the rate of $500 per month. No other amount was credited on the firm's books to decedent's account or distributed to him by the firm up to the time of his death.

"The full amount of partnership distributable income apportioned for the year 1927 to decedent's interest in the firm was distributed to his estate and was reported as taxable income by the estate.

"In the income-tax return for decedent for the period January 1 to November 11, 1927, there was reported as income from the partnership only the amount of $5,183.33, the interest upon decedent's capital contribution to the firm."

The Commissioner of Internal Revenue added as taxable income $60,674.82, representing decedent's interest in the distributable net income of the partnership for the period from January 1, to November 11, 1927.

On October 1, 1929, Beverly W. Smith, administrator of the estate of Richard H. Lynch, deceased, filed a petition before the Board of Tax Appeals praying that the action of the Commissioner of Internal Revenue be reversed and that the deficiency be redetermined. Answer was duly filed on behalf of the respondent, and, after hearing, on August 9, 1932, findings of fact and an opinion were promulgated by the Board, and on August 10, the following order was entered:

"Decision.

"United States Board of Tax Appeals.
"Washington.

"Beverly W. Smith, Petitioner, vs. Commissioner of Internal Revenue, Respondent.

"Docket No. 45908.

"Pursuant to the determination of the Board, as set forth in its report promulgated August 9, 1932, it is ordered and decided that there is a deficiency of $13,232.56 for the period from January 1 to November 11, 1927.

"Entered Aug. 10, 1932.

"(Signed)   John J. Marquette,
"Member."

On November 12, 1932 the following telegram was received by the Bureau of Internal Revenue:

"Filed—Nov. 12, 1932

"U. S. Board of Tax Appeals

"Treasury Department Bureau of Internal Revenue Telegraph Office

"Form 7951-A
"Postal Telegram
"1PO PA 108 5 Extra
"CB New York N Y Nov 11 1932 814P
"United States Board of Tax Appeals
"Washington, D. C.

"Beverly W Smith administrator of the estate of Richard H ·Lynch by Leland T Atherton counsel hereby files his petition for a review by the Circuit Court of Appeals for the Fourth Circuit of the decision by the United States Board of Tax Appeals rendered on August tenth nineteen thirty two docket forty five thousand nine hundred eight determining a deficiency in petitioner's federal income tax for the period from January first nineteen twenty seven to November eleventh nineteen twenty seven in the amount of thirteen thousand two hundred thirty two dollars and fifty six cents and respectfully asks leave to perfect this petition stop—Leland T Atherton counsel for petitioner
"70 Pine St New York City
"841A Nov 12"

On December 3, 1932, motion was made on behalf of petitioner to vacate the final order and enter a new order on the grounds that the order of August 10, 1932, determined a deficiency with regard to Beverly W. Smith, personally and in his individual capacity, instead of against him as administrator of the estate of Richard H. Lynch, deceased, and that therefore said order was void.

On December 9, 1932, an order was entered vacating the order of August 10, and

reaffirming the former finding. This order was entitled as against the said Smith as administrator. On December 16, 1932, motion was made on behalf of the respondent to vacate the Board's order of December 9, and to correct the order of August 10, 1932, by a nunc pro tunc order. This motion was denied December 22, and on January 19, 1933, the petition for review by this court was filed on behalf of the taxpayer.

Two questions are presented:

(1). Did the decision of the Board of Tax Appeals entered on August 10, 1932, become final prior to the filing of the petition for review, and therefore has this court jurisdiction of said petition?

(2). Should there be included in the gross income of a person who died during the taxable year his share of partnership income to the date of his death where both the decedent and the partnership of which he was a member reported income on the calendar year basis?

In considering the first question we are of the opinion that the order of the Board of August 10, 1932, was a perfectly valid order although entitled in its caption against Smith, the petitioner, without stating that he was petitioner as administrator, etc. We reach this conclusion for a number of reasons. The findings of fact and opinion promulgated August 9, 1932, were properly entitled, and the order of August 10, complained of as defective, refers to this decision; the petition was originally filed by Smith as administrator and not personally, and neither he nor his attorney could possibly have been misled by the failure to properly caption the final order; that his attorney was not misled is shown by the telegram received November 12, 1932, in which Smith, as administrator, endeavors to file a petition for a review of the order complained of, the amount of deficiency ($13,-232.56), was the exact amount stated in the petition filed; and, finally, the proper docket number, the same number given the petition and the findings of fact and opinion, was given in the final order.

The contention that the failure to designate Smith as administrator would avoid the order cannot be sustained. It is well settled that an omission of descriptive words will not render an order of this character void or inoperative. Collins & Co. v. Hyslop & Son, 11 Ala. 508; Jansen v. Hyde, 8 Colo. App. 38, 44 P. 760; G. Taylor et al. v. A. G. Branham & Co., 35 Fla. 297, 17 So. 552, 39 L. R. A. 362, 48 Am. St. Rep. 249.

We have found no authority contrary to the holding that clerical errors and omissions in a judgment are not fatal, if by reference to other parts of the record the meaning is clear. McCartey v. Kittrell & Purnell, 55 Miss. 253; First National Bank v. Garland, 109 Mich. 515, 67 N. W. 559, 33 L. R. A. 83, 63 Am. St. Rep. 597; Finnagan v. Manchester et ux., 12 Iowa, 521; Cleveland, C., C. & St. L. Ry. Co. v. Surrells, 115 Ill. App. 615; Adams v. Walker, 59 Ga. 506; Wilson & Wheeler v. Nance & Collins, 11 Humph. (Tenn.) 189.

In Cowen v. Merriman, 17 App. D. C. 186, the court said: "There was irregularity in entering the judgment, but that was in mere matter of form. The judgment, instead of being entered against the receivers personally, as appears to have been done, should have been entered against them in their official character as receivers. This, however, as there was no objection to the form of the judgment in the court below, will not affect the judgment on appeal. The judgment will be construed, in such case, with reference to the pleadings and the character in which the defendants were sued. 17 Ency. Plead. & Prac., 804, and the cases there cited."

Standing uncorrected, the order of August 10, would have undoubtedly been a proper basis for an appeal if taken within the proper time. Under the Revenue Act of 1926 as amended by the Revenue Act of 1932, the order of the Board becomes final unless a petition for review is filed "within three months after the decision is rendered." U. S. C. Supp. VI, title 26, § 642 (26 USCA § 1224). Being valid, the order became final on November 10, 1932, and the power of the Board of Tax Appeals over the order ended except the power that it unquestionably had to enter a nunc pro tunc order, correcting the error, as requested on behalf of the respondent in the motion of December 16, 1932. We would not, however, consider the entry of such a corrective order necessary to the validity of the original judgment of the Board as entered on August 10, 1932.

Attorneys rely strongly upon a former decision of this court [Burnet, Com'r, v. Lexington Ice & Coal Co., 62 F. (2d) 906], to sustain their contention that the petition for review was filed in proper time. That case is not in point. There a motion, filed within the period fixed by the statute to vacate the decision was pending before the Board, and we held that, in the absence of a rule of the Board, a motion to vacate suspended the running of the statutory period until the mo-

tion was passed upon. There is here no such condition existing. No motion of any kind was made until after the statutory period had run and the order had become final. Even the abortive attempt to file the petition to review by the telegram received on November 12 came too late.

It therefore follows that the petition for review of the decision of the Board must be dismissed. We think it proper to say, however, that an examination of the record leads us to the conclusion that the decision of the Board against the petitioner on the merits of the case was a correct one, and that the case would have to be affirmed if the appeal were not dismissed. Darcy v. Commissioner (C. C. A. 2d) 66 F.(2d) 581, decided August 24, 1933.

Petition for review dismissed.