John CAPETAN, also known as John Capetanakis, Plaintiff,

v.

Herbert BROWNELL, Jr., Attorney General of the United States, and Edward J. Shaughnessy, District Director of Immigration and Naturalization, New York District, Defendants.

Civ. No. 16274.

United States District Court E. D. New York.

Feb. 1. 1957.

Leo E. Ypsilanti, New York City, for plaintiff. Edward Kroin, New York City, of counsel.

Leonard P. Moore, U. S. Atty., E. D. New York, Brooklyn, N. Y., for defendants. Margaret E. Millus, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

BRUCHHAUSEN, District Judge.

The plaintiff claims derivative citizenship through his father, who admittedly was naturalized by court order, dated April 9, 1904.

The defendant contends that the father's citizenship was revoked by an order of the same court, dated June 2, 1906.

It is not disputed that the said order was duly entered but the plaintiff asserts that the order was defective and does not mention revocation.

The principal issue concerns itself with the meaning and intent of the order of June 2, 1906, no question being raised as to plaintiff's character.

It appears that the plaintiff entered this country on November 12, 1949, possessing a passport, issued upon his claim of derivative citizenship. He was then 29 years of age. Some five years later, the authorities challenged his status. It is probable that the proceedings were delayed because of the then lack of knowledge of the Government that there existed an order, revoking or purporting to revoke the father's citizenship.

As stated, the father was naturalized by court order dated April 9, 1904. In 1906 various proceedings, hereinafter detailed, were had in the same court for revocation of such citizenship. The father a native of Greece, was married there in the year 1918. The plaintiff was born there several years later. The mother of plaintiff continued to reside in Greece and never entered this country. One of her daughters resides with her, and another daughter resides elsewhere in the same country. The father died in Greece in 1952.

The proceedings in court pertaining to the father's naturalization are as follows:

April 9, 1904, order of naturalization.

June 2, 1906, alleged order revoking naturalization.

June 2, 1906, indorsement by the Clerk to that effect.

June 7, 1906, order directing the father to show cause why he should not be punished for contempt, upon the ground of fraud in obtaining admission to citizenship.

June 30, 1906, order for the father's arrest.

July 26, 1906, order pertaining to contempt of the two witnesses.

No evidence is presented that the plaintiff at the time of his entry to this country was aware of the proceedings involving denaturalization of his father.

The order of June 2, 1906, is as follows:

"Chatham Superior Court Saturday June 2, 1906

"In Re: Naturalization of G. P. Capatan. Order Revoking Naturalization of G. P. Kapatan.

"Upon reading the foregoing petition, consent and admission, it is upon motion of Alexander Akerman, Assistant United States Attorney, ordered that the order granted by the undersigned Judge of the Superior Court of Chatham County, on the 9th day of April 1904 admitting G. P. Capatan as a citizen of the United States of America, be and the same is hereby directed to mark the docket thereof accordingly, this 2nd day of June 1904 (sic) (should be 1906)

"Geo. T. Cann, Judge of the Superior Court of Chatham County."

The plaintiff's position is that the order may not be interpreted as one revoking citizenship, that it does not specifically order such revocation. There was obviously a clerical mistake in the order in that there was omitted therefrom the words, or in substance, the words "revoked and the clerk is", preceding the word "directed".

■ In construing orders and judgments, the entire contents of the instrument and the record should be taken into consideration in ascertaining the intent. Smith v. Commissioner of Internal Revenue, 4 Cir., 67 F.2d 167; Scholtz, for Use of Barnett Nat. Bank of Jacksonville v. Hartford Accident & Indemnity Co., 5 Cir., 88 F.2d 184.

■ The Special Inquiry Officer in his decision, dated June 17, 1955, correctly held that the court by its said order of June 2, 1906, intended to revoke the father's admission to citizenship but arrived at an erroneous conclusion in holding that the order failed to effect such result.

An examination of the entire contents of the order, including the provision that it is an order of revocation of naturalization, clearly establishes such revocation.

A dismissal of the complaint is directed.